1  Nancy L. McCoy (SBN 184983)
   Cortney L. McDevitt (SBN 241879)
2  STRAZULO FITZGERALD, LLP
   275 Battery Street, Suite 200
3  San Francisco, California 94111
   Telephone: (415) 394-9500
4  Facsimile: (415) 934-9501

5  Attorneys for Defendants
   See Signature Page
6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  HARRIS L. WINNS,                           CASE NO.: C08 02622 JW

13           Plaintiff,                        **DEFENDANTS' NOTICE OF MOTION
                                               AND SPECIAL MOTION TO STRIKE
14      v.                                     PLAINTIFF'S COMPLAINT PURSUANT
                                               TO CALIFORNIA CIVIL PROCEDURE
15  BLAKELY SOKOLOFF TAYLOR &                  CODE §425.16**
    ZAFMAN, LLP, ANTHONY INTIL, CANDY
16  MIELKE, JIM SALTER, MICHAEL MALLIE,        [Rule 12(b)(6) Motion to Dismiss Filed
    JOHN P WARD, ED TAYLOR, DAN DEVOS,         Concurrently Herewith]
17  DIANE ROBSON, LESTER VINCENT STEVE
    ZELMAN, DAVE MONTOYA, KAREN                Date:   September 15, 2008
18  WILSON, TAREK FAHMI, LAURA E. INNES,       Time:   9:00 am
    RONALD F. GARRITY, CHARLES WALL            Dept.:  Courtroom 8, 4th Floor
19                                             Judge:  James Ware
             Defendants.
20

21  TO PLAINTIFF HARRIS L. WINNS:

22          PLEASE TAKE NOTICE that on September 15, 2008 at 9:00 a.m. or as soon thereafter as

23  the matter may be heard in Department 8 of the above entitled court located at 2112 Robert F.

24  Peckham, Federal Building, United States Courthouse, 280 South First Street, San Jose, California,

25  95113-3002, Telephone: (408) 535-5364, Defendants Blakely Sokoloff Taylor & Zafman, LLP,

26  Anthony Intil, Candy Mielke, Michael Mallie, John P. Ward, Ed Taylor, Dan Devos, Diane

27  Robson, Lester Vincent, Jim Salter, Dave Montoya, Tarek Fahmi, Steve Zelman, and Karen Wilson

28  ("Defendants") will and hereby do move to strike Plaintiff Harris L. Winns' ("Plaintiff") causes of

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO, CALIFORNIA 94111
TEL. 415.394.9500  FAX. 415.394.9501

6912                                  1

action for Malicious Prosecution and Abuse of Process in the Complaint on file herein pursuant to California Civil Procedure Code § 425.16.

Defendants further request this Court order Plaintiff to pay the attorney's fees and costs incurred by Defendants in making this motion in an amount to be determined after the Court's decision upon the submission of further briefing and evidence.

This special motion to strike is made on the grounds that Plaintiff's causes of action for Abuse of Process and Malicious Prosecution arise from Defendants' valid exercise of the constitutional right to petition which is protected by the First Amendment to the United States Constitution, Article I of the California Constitution and by the litigation privilege. Since Plaintiff's causes of action for Abuse of Process and Malicious Prosecution arise from Defendants' litigation-related and petitioning activity and because Plaintiff cannot possibly establish a probability of success on his claims, the anti-SLAPP statute requires the dismissal of Plaintiff's causes of action for Abuse of Process and Malicious Prosecution against all Defendants.

This motion to strike is brought pursuant to California Code of Civil Procedure § 425.16. This motion to strike is based upon this notice, the memorandum of points and authorities, the Declaration of Cortney L. McDevitt, and Defendants' Request for Judicial Notice and exhibits thereto, all served and filed concurrently herewith, as well as on all pleadings, records, and documents on file with the court in this action, and on all such oral and documentary evidence and arguments of counsel as may be presented at the hearing on this motion.

Dated: Friday, August 15, 2008                    STRAZULO FITZGERALD LLP


By_____
Nancy L. McCoy
Cortney L. McDevitt
Attorneys for Blakely Sokoloff Taylor & Zafman,
LLP, Anthony Intil, Candy Mielke, Michael
Mallie, John P. Ward, Ed Taylor, Dan Devos,
Diane Robson, Lester Vincent, Jim Salter, Dave
Montoya, Tarek Fahmi, Steve Zelman, and Karen
Wilson

**DEFENDANTS' NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA CIVIL PROCEDURE CODE §425.16**

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO, CALIFORNIA 94111
TEL. 415.394.9500  FAX. 415.394.9501

1
2  Nancy L. McCoy (SBN 184983)
   Cortney L. McDevitt (SBN 241879)
3  STRAZULO FITZGERALD, LLP
   275 Battery Street, Suite 200
4  San Francisco, California 94111
   Telephone: (415) 394-9500
5  Facsimile: (415) 934-9501

   Attorneys for Defendants
6  See Signature Page

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11 HARRIS L. WINNS,                          CASE NO.: C08 02622

12         Plaintiff,                        **MEMORANDUM OF POINTS AND**
                                             **AUTHORITIES IN SUPPORT OF**
13      v.                                   **DEFENDANTS' SPECIAL MOTION TO**
                                             **STRIKE PURSUANT TO CALIFORNIA**
14 BLAKELY SOKOLOFF TAYLOR &                 **CIVIL PROCEDURE CODE §425.16**
   ZAFMAN, LLP, ANTHONY INTIL, CANDY
15 MIELKE, JIM SALTER, MICHAEL MALLIE,       [Rule 12(b)(6) Motion to Dismiss Filed
   JOHN P WARD, ED TAYLOR, DAN DEVOS,        Concurrently Herewith]
16 DIANE ROBSON, LESTER VINCENT
   STEVE ZELMAN, DAVE MONTOYA,               Date:    September 15, 2008
17 KAREN WILSON, TAREK FAHMI, LAURA          Time:    9:00 a.m.
   E. INNES, RONALD F. GARRITY, CHARLES      Dept.:   Courtroom 8,4th Floor
18 WALL                                      Judge:   James Ware

19         Defendants.

20

21

22

23

24

25

26

27

28

# I.    **INTRODUCTION**

On February 14, 2002, Defendant Blakely, Sokoloff, Taylor & Zafman ("BSTZ") terminated Plaintiff Harris Winns' ("Winns") employment following a verbal altercation between Winns and a co-worker.  A few months later, BSTZ, through its attorneys Simpson, Garrity & Innes, PC, sought and obtained a temporary restraining order and then a stipulated injunction against Winns.  On May 23, 2008, Winns filed the current lawsuit against 16 defendants, alleging causes of action based on his termination and the subsequent litigation.

Winns' Complaint in this action alleges causes of action for Malicious Prosecution and Abuse of Process arising out of the temporary restraining order and stipulated injunction.  These causes of action trigger California's Code of Civil Procedure § 425.16 ("§ 425.16"), the anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, because they arise directly from BSTZ's petitioning conduct.  Winns will not be able to meet his burden of showing a probability of success regarding these causes of action.  The claims are defectively pled, and BSTZ's allegedly unlawful conduct is absolutely protected by the litigation privilege.  Therefore, BSTZ's motion should be granted and Defendants should be awarded their costs and attorney's fees incurred with this motion.

# II.    **STATEMENT OF FACTS**

Winns worked for BSTZ from February 2000 until his termination on February 14, 2002.  BSTZ terminated Winns' employment after Winns was involved in a verbal altercation with a co-worker.

On April 9, 2002, BSTZ sought a temporary Workplace Violence Restraining Order against Winns on April 9, 2002 based on its belief that Winns had trespassed several times on BSTZ's property, misappropriated BSTZ's confidential and privileged information, and destroyed thousands of BSTZ's documents after he was terminated.  See Request for Judicial Notice in Support of Motion to Strike ("Request for Judicial Notice") ¶ 1.  BSTZ and Winns entered into a Stipulated Order for Injunction on May 13, 2002, set to expire by its own terms on April 30, 2005.  Request for Judicial Notice, ¶ 2.

1

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO CALIFORNIA 94111
TEL. 415.394.9500  FAX, 415.394.9501

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO, CALIFORNIA 94111
TEL. 415.394.9500  FAX, 415.394.9501

Winns filed his Complaint on May 23, 2008.   In his Complaint, Winns appears to allege that BSTZ terminated his employment and sought a restraining order against him based on his race. Winns further alleges that he has been unable to obtain employment, unable to get an apartment, and has suffered economically and emotionally as a result of his termination and as a result of the restraining order issued against him.  Winns appears to be alleging causes of action for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981,  42 U.S.C. § 1985(3),  intentional infliction of emotional distress, wrongful termination against public policy, malicious prosecution and abuse of process against all named Defendants.

## III.   LEGAL ANALYSIS

### A.   Statutory Authority

California Civil Procedure Code Section 425.16 establishes a procedure for bringing a special motion to strike lawsuits that are brought primarily to "chill" the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. Civ. Proc. Code §425.16(a); Kibler v. Northern Inyo County Local Hosp. Dist. (2006) 39 Cal.4th 192, 197. Section 425.16, provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  Civ. Proc. Code §425.16(b)(1).

An "act in furtherance of a person's right of petition or free speech . . ." includes any written or oral statement made before a legislative, executive, or judicial body, or any other official proceeding authorized by law, or in connection with an issue under consideration by such body or in such proceeding.  Civ. Proc. Code § 425.16(e)(1) & (e)(2).  "When the defendant's alleged acts fall under the first two prongs of section 425.16, subdivision (e) (speech or petitioning before a legislative, executive, judicial, or other official proceeding, or statements made in connection with an issue under review or consideration by an official body), the defendant is not required to

2

independently demonstrate that the matter is a 'public issue' within the statute's meaning." <u>Navarro v. IHOP Properties, Inc</u>. (2005)134 Cal.App.4th 834, 842-843; *see, also*, <u>Briggs v. Eden Council for Hope & Opportunity</u> (1999) 19 Cal.4th 1106, 1113, 1123. Additionally, the defendant is not required either to demonstrate that it was the plaintiff's intent to chill the defendant's speech or petitioning rights or to demonstrate that the plaintiff's claim actually had a chilling effect on the exercise of such rights. <u>Equilon Enterprises, LLC v. Consumer Cause, Inc.</u> (2002) 29 Cal.4th 53, 67; <u>City of Cotati v. Cashman</u> (2002) 29 Cal.4th 69, 74-76.

The anti-SLAPP statute expressly mandates that the statute "shall be construed broadly." Civ. Proc. Code §425.16(a); <u>Dowling v. Zimmerman</u> (2001) 85 Cal.App.4th 1400, 1410. Nothing in the anti-SLAPP statute categorically excludes any particular type of cause of action from being stricken pursuant to its provisions. <u>Navellier v. Sletten</u> (2002) 29 Cal.4th 82, 92. The focus of the anti-SLAPP statute is not the form of plaintiff's cause of action, but rather it is on the defendant's activity that gives rise to his asserted liability and whether that activity constitutes protected speech or petitioning. <u>Id</u>.

To decide an anti-SLAPP motion, Section 425.16 requires the trial court to undertake a two-step process. <u>Kashian v. Harriman</u> (2002) 98 Cal.App.4th 892, 906. First, the court must decide whether the defendant has made a prima facie showing that the acts of which the plaintiff complains were taken in furtherance of the defendant's rights of petition or free speech. <u>Id</u>. In other words, the defendant must show that the act underlying the plaintiff's cause of action fits one of the categories contained in Section 425.16(e). <u>Navellier</u>, *supra*, 29 Cal.4th at 88.

Second, if the defendant meets its burden, the burden shifts to the plaintiff to show a probability of prevailing on the claim. <u>Id.</u> "In order to establish the necessary probability of prevailing, [a] plaintiff [is] required both to plead claims that [are] legally sufficient, and to make a prima facie showing, by admissible evidence, of facts that would merit a favorable judgment on those claims, assuming plaintiff's evidence were credited." <u>1-800 Contacts, Inc. v. Steinberg</u> (2003) 107 Cal.App.4th 568, 584. Further, to meet his or her burden in opposing the motion, "a plaintiff cannot simply rely on its pleadings, even if verified, but must adduce competent, admissible

3

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO CALIFORNIA 94111
TEL. 415.394.9500 FAX, 415.394.9501

evidence." <u>Roberts v. Los Angeles County Bar Assn</u>. (2003) 105 Cal.App.4th 604, 614).

In ruling on an anti-SLAPP motion, the plaintiff's complaint is analyzed as it is. The fact that a complaint might be amended to state a claim is disregarded. <u>Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.</u> (2006) 136 Cal.App.4th 464, 476 (in ruling on an anti-SLAPP motion, the court must take the complaint as it is). "If the pleadings are not adequate to support a cause of action, the plaintiff has failed to carry his burden in resisting the motion." <u>Gilbert v. Sykes</u> (2007) 147 Cal.App.4th 13, 31. Since the anti-SLAPP statute makes no provision for amending the complaint, if the motion is granted, the plaintiff is not entitled to leave to amend the claim. <u>Simmons v. Allstate Ins. Co</u>. (2001) 92 Cal.App.4th 1068, 1073-1074.

**B.** **<u>Winns' Causes Of Action Arise Directly From Defendants' Acts In Furtherance Of Their Right Of Petition And Thus Are Subject To A Special Motion To Strike Under The Anti-SLAPP Statute.</u>**

The first step in the analysis is to determine whether the claim at issue "arises from" protected activity. Civ. Proc. Code §425.16(b). For this step, "the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." <u>Navellier</u>, *supra,* 29 Cal.4th at 89 (emphasis in original); *see, also*, <u>Kolar v. Donahue, McIntosh & Hammerton</u> (2006)145 Cal.App.4th 1532, 1537 (a claim 'arises from' an act when the act forms the basis for the plaintiff's cause of action). Filing a lawsuit or seeking administrative action is an exercise of one's constitutional right of petition and any statements made in connection with litigation "arise from" protected activity under section 425.16. <u>Ludwig v. Superior Court (City of Barstow</u> (1995) 37 Cal.App.4th 8, 19 ("any act ... in furtherance of the ... right [to] petition .... The constitutional right to petition . . . includes the basic act of filing litigation . . . ."); <u>Briggs,</u> *supra*, 19 Cal.4th at p. 1115. To be subject to the anti-SLAPP statute, it is necessary only that the communication bear "some relation" to the lawsuit. <u>A.F. Brown Elec. Contractor, Inc. v. Rhino Elec. Supply, Inc.</u> (2006) 137 Cal.App.4th 1118, 1126.

Here it is clear that Winns' causes of action for Malicious Prosecution and Abuse of Process arise from petitioning activity. Winns' factual allegations relating to these causes of action pertain only to obtaining a temporary restraining order and stipulated injunction against him. Accordingly,

4

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO CALIFORNIA 94111
TEL. 415.394.9500 FAX, 415.394.9501

BSTZ's activities in pursuing the restraining order against Winns fall squarely within the plain language of the anti-SLAPP statute. Navarro, *supra,* 134 Cal.App.4th at 843. Since BSTZ's alleged acts constitute petitioning activities, Defendants are not required to demonstrate that the matter is a "public issue" under Section 425.16. Briggs, *supra,* 19 Cal.4th at 1113, 1123. Defendants therefore have satisfied their burden under the anti-SLAPP statute analysis.

### C.    Winns Cannot Establish A Probability Of Success With Respect To His Claims Against Defendants.

Since all of Winns' claims for Malicious Prosecution and Abuse of Process arise from BSTZ's actions in furtherance of petitioning activity, the burden will shift to Winns to show that he can establish a probability of success with respect to these claims. BSTZ incorporates by reference, as if fully set forth herein, BSTZ's 12(b)(6) Motion to Strike to Winns' Complaint in its entirety filed concurrently herewith. As is shown in BSTZ's Motion to Dismiss, all of Winns' claims against BSTZ, including Winns' claims for Malicious Prosecution and Abuse of Process are barred by the doctrine of res judicata, barred by the applicable statute of limitations, or fail to state a claim upon which relief may be granted. Thus, Winns will not be able to meet his burden. *See,* Philipson & Simon v. Gulsvig (2007) 154 Cal.App.4th 347, 361-364 (Plaintiff cannot show a probability of success where allegations are insufficient to constitute a cause of action); Vogel v. Felice (2005) 127 Cal.App.4th 1006, 1017 (plaintiff cannot show a probability of success where claim is legally insufficient on its face).

### D.    Defendants Are Entitled To Recover Their Attorney's Fees And Costs

Consistent with the legislative intent behind the statute, Section 425.16(c) provides "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Civ. Proc. Code § 425.16(c). Defendants request that, should they prevail on this motion, the Court order the payment of their attorney's fees and costs, subject to the submission of supporting documents and proof regarding the fees and costs incurred.

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO CALIFORNIA 94111
TEL. 415.394.9500  FAX, 415.394.9501

5

1

2

3                                IV.    **CONCLUSION**

4        For the foregoing reasons, Defendants Blakely Sokoloff Taylor & Zafman, LLP, Anthony

5  Intil, Candy Mielke, Michael Mallie, John P. Ward, Ed Taylor, Dan Devos, Diane Robson, and

6  Lester Vincent, Jim Salter, Dave Montoya, Tarek Fahmi, Steve Zelman, and Karen Wilson request

7  that the court grant their special motion to strike in its entirety.  Further, Defendants request that the

8  Court award Defendants their attorney's fees and costs associated with this motion.

9

10  Date:  August 15, 2008                          STRAZULO FITZGERALD, LLP

11

12

13                                 By_____

14                                     Nancy L. McCoy
                                       Cortney L. McDevitt
15                                     Attorneys for Blakely Sokoloff Taylor & Zafman,
                                       LLP, Anthony Intil, Candy Mielke, Michael
16                                     Mallie, John P. Ward, Ed Taylor, Dan Devos,
                                       Diane Robson, and Lester Vincent, Jim Salter,
17                                     Dave Montoya, Tarek Fahmi, Steve Zelman, and
                                       Karen Wilson

18

19

20

21

22

23

24

25

26

27

28

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO, CALIFORNIA 94111
TEL. 415.394.9500  FAX, 415.394.9501

6

MEMORANDUM IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PURSUANT TO
CALIFORNIA CIVIL PROCEDURE CODE §425.16