```
FILED

2008 AUG 13  A 11: 07

RICHARD W. WIEKING
       CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.
```

Harris L. Winns
2610 Sierra Vista ct.
San Jose, CA. 95116
(408) 835-8872
*In Propia Persona*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HARRIS L. WINNS<br><br>**Plaintiff,**<br><br>v.<br><br>BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP. (Anthony Intil, an individual; Candy Mielke, an individual; Jim Salter, an individual; Michael Mallie, an individual; John P. Ward, an individual; Ed Taylor, an individual; Dan Devos, an individual; Diane Robson, an individual; Lester Vincent, an individual; Steve Zelman, an individual; Ronald F. Garrity, an individual; Laura E. Innes, an individual; Tarek Fahmi, an individual; Charles Wall, an individual<br><br>**Defendant(s)** | **Case no: CV 08-02622 JW**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION UNDER 12(b)(6) AS IT RELATES TO BSTZ'S PRESUMPTUOUS MOTION TO DISMISS FOR FAILING TO STATE A CLAIM**<br><br>Date: November 3rd, 2008<br>Time: 9:00am<br>Dept: Court room #8, 4th Floor<br>Judge: Hon. James Ware |

# MOTION

Your Honor, here comes the plaintiff, **Harris L. Winns**, I declare, under penalty of perjury that I am the plaintiff in the above entitled case and that the information I provide is consistent, true and correct throughout this complaint.

I am a Black man, I am an American, I am a Veteran of the United States Armed Forces. The U.S constitution affords me the right to be free of the acts of tyranny stemming from the governmental source, groups, private or corporations; the acts of intimidation and the acts of instilling fear upon any citizen of this country and the right to vigorously protect limbs, life, family and property.

If I am blessed enough with God's grace to be chosen by HIM to lead a storm front of HIS holy soldiers simply armed with swords to oppose and subsequently eradicate the actions of those so hell bent on confidently violating the rights of any man without even so much as an ounce of compunction, HIS request will be immediately place in to motion to do so.

The facts of this case are relatively simple. Motion should be denied because defendants have failed to provide good cause in support of their request that would necessarily overturn Plaintiff's exceptional circumstance case.

The Declarants,.....unable to locate text or precedents that would sufficiently support their holdings that would convince the Court that my case should be dismissed, has instead, frustratedly and cowardly retreated behind a weathered fig leaf of ersatz FRCP 12 (b) (6) motion to dismiss.

For purposes of the FRCP 12(b) (6) motion, "all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the Plaintiff. "Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) (citation, quotation omitted). Furthermore, a claim should not be dismissed unless it

appears that Plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Section 1356 (1990). <u>The notice pleading standard set forth in Rule 8 establishes "a powerful presumption against rejecting pleadings for failure to state a claim</u>." Gilligan, 108 F.3d at 249 (citations omitted). Therefore, a court must not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also U.S. v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Moreover, "it is axiomatic that the Motion to Dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Hall v. City of Santa Barbara, 813 F.2d 198, 201 (9th Cir. 1986).

## Detrimental Reliance

In April of 2002, my wife and I sat in my attorney's office and asked our attorney (Marion Whitaker) at the time, if the TRO would prohibit me from obtaining future employment. She wasn't quite sure, and therefore immediately telephoned the Defendants' Attorney at the time, Laura Innes. Now, Defendant Innes,..... she told my Attorney (Whitaker), that the TRO would not interfere in any manner relative to me being able to get another job. In other words, the answer was a resounding "NO."(See also Jarvis, 732 P.2d at 472) (noting that

tolling is appropriate where Defendants provide "assurances . . . reasonably calculated to lull the Plaintiff into a sense of security"); *see also Fischer v. Atlantic Richfield Co.*, 774 F.Supp. 616, 619 (W.D. Okla. 1989) (holding Defendant estopped to plead limitations defense where it made "unfulfilled promises to Plaintiffs").

## Concealment

A Defendant who conceals facts relevant to a cause of action against him is estopped from raising the statute of limitations bar. *Morris v. Wise*, 293 P.2d 547, 549 (Okla. 1956). The Defendants cannot rely on the bar because they concealed facts relevant to my causes of action. Plaintiffs assert three primary acts of concealment or fraud. First, the Attorney that represented Blakely-Sokoloff in State Court, (Santa Clara County), more specifically, Nancy McCoy of (Strazulo & Fitzgerald, SF) sent me what appear to be a bogus order on two or three separate occasions indicating that my case was dismissed by the presiding judge. The judge's signature was noticeably absent each and every time. Needless to say, the judge's name, not his signature, was merely stamped. Secondly, a hearing was held without serving me the necessary documents as required by Section 473 of the Code Civil in addition to the provisions of CRC § 3.1206 which explicitly states that: Parties appearing at the ex parte hearing must serve the ex parte application or any written opposition on all other parties at the first reasonable opportunity. Absent exceptional circumstances, no hearing may be conducted unless such service has been made. Thirdly, Santa Clara County's Superior Court was complicit due to the fact that the court was unable to provide me with a copy of the order on March 25th, 2007, indicating that my case was dismissed. The Clerk excused himself on two separate occasions but, was unable

to me with a hard copy. Ironically, the Defendants' attorney Nancy McCoy apparently had quite a few copies of her own to spare. Therefore, she should've provided at least a few copies to Santa Clara County's Superior Court. These combined acts vividly represent a "conspiracy of silence and fraud" to yours truly's detriment.

Additionally, Attorney Nancy McCoy stated that she and the presiding judge waited for me for approximately two hours to appear in court on March 21st, 2008. I could care less if she slept in her automobile overnight with an inoperable heater, in sub-freezing weather which inevitably induced her to tremendously shiver due to the lack of a throw blanket. The hearing shouldn't have been held in the first instance, according to CRC § 3.1206.

Moreover, contrary to the Defendants' suggestion, the record makes clear that the Superior Court relied substantially on extraneous evidence or none at all in rendering its decision to dismiss my case, if it in fact officially did so in light of what transpired on March 25th, dove-tailed with the Clerk's inability to provide me with a signed, hard copy of the order in addition to receiving what appeared to be bogus orders that was purportedly issued by the presiding judge and sent to me from the Declarants' Attorney, Nancy McCoy, of Strazulo & Fitzgerald (SF). She owes me, my family and the presiding Judge an explanation at the pending CMC. She should be ashamed of herself.

Parenthetically, I'd like to add that Attorney Nancy McCoy did send me again, of what appeared to be a corrected copy of the dismissal order with a signature supposedly <u>that of the presiding judge approximately two months after the case dismissal</u> from State court and shortly after I filed my complaint in federal court.

This incident of what appear to be a bogus dismissal order was brought to light within the four corners of the complaint filed at the district court. This, I believe, gave the opposing side ample time to retrieve an order to fit their story line. This time, an order adorned with a signature. To this day, I'm still not sure if it is in fact the presiding judge's signature. Here, thorough professional analysis will eventually reveal the truth.

## Accrual Claim

My claim continued to accrue from April 2002, until the TRO expired on April 30th, 2007. Even more of an indication that the TRO was the causative, debilitating and instrumental factor relative to me not being able to get a job is that I was finally able to get a job the first week of May, 2007, approximately one month after the TRO ran its parasitical course. More fundamentally, April 30th is the last day that the Declarants officially discriminated against me. The Declarants, as I expected, are viewing the running of the statute of limitations not only from the wrong date and time but, from the wrong angle as well. I surmise that this is why THEY probably believe or at least attempt to give the appearance that the running of the statute of limitations ended approximately three years ago. Needless to say that, all discriminatory acts targeting me and my family after the above indicated date is even more so cloaked in secrecy up to this very day.

## Extraordinary Circumstances

In the appropriate case, exceptional circumstances may justify tolling a statute of limitations. *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001); *see also Van Tu v. Koster*, 364 F.3d 1196, 1199-1200 (10th Cir. 2004) (considering application of equitable tolling where victims of the My Lai massacre raised claims twenty-eight years after their injuries occurred), *(Hilao v. Estate of Marcos)*, 103 F.3d 767 (9th Cir. 1996) (holding that fear of reprisal was extraordinary circumstances justifying equitable tolling), *(Hobson v. Wilson)*, 737 F.2d 1, 37 (D.C. Cir. 1984, (tolling statute because the FBI's concealment of its COINTELPRO activities blinded Plaintiffs to their potential cause of action), *(Rosner v. United States)*, 231 F.Supp. 2d 1202 (S.D.Fla. 2002), (taking as true Plaintiffs allegations that the United States wrongfully claimed that property it seized from the Nazis taken from Hungarian Jews was unidentifiable and unreturnable, the court equitably tolled the statute), *(Thompson v. Metropolitan Life Ins. Co.)*, 149 F. Supp. 2d 38 (S.D. N.Y. 2001) (tolling statute on African-American Plaintiffs claims against insurance companies for pattern of intentional discrimination in sales of insurance policies from the late 1800s through the 1970s); *(Bodner v. Banque v. Banque Paribas)*, 114 F. Supp. 2d 117, 136 (E.D.N.Y.) (finding on claims by Jewish Plaintiffs against various banks seeking restitution of money and property that "there is no reason that Plaintiffs should be denied a forum for addressing their claims as a result of deceitful practices by the Defendants which have kept them from knowing or proving the extent of these claims").

Here, and relative to yours truly's case, a combination of exceptional circumstances justifying tolling exists, including; 1) Santa Clara County's Superior Court invitation to me via email to file suit against Defendants and subsequently dismiss. *(I personally believe that this was done so merely with the specific intention to unload the State charges pressing against the Defendants through an orchestrated dismissal with the accumulative and distinct departation marks from policy, administrative and judicial norm)*; 2) Superior Court's acquiescence in leveling sanctions against opposing attorneys for violating C.C.P 473, Superior Court's appearance of complicity and willfully allowing me to be maliciously prosecuted in the first instance; 3) Superior Court's presiding judge's allowance of holding a hearing without the Plaintiff being properly notified of the hearing, thereby violating CRC § 3.1206; 4) Superior Court, through their actions, appear to have chose Defendant's side and refused to construe things more favorably for the Plaintiff and thereby created an impenetrable barrier to justice, to Plaintiff's detriment; 5) Defendant Blakely-Sokoloff's permittance of a criminal (California Penal Code 240) act in full and naked view of an agent of theirs *(Defendant Candy Mielke, IS Mngr.)* on their property and subsequently failed to notify local authorities, thereby, committing fraudulent concealment by turning the table via LIES and then intentionally pinning violence on my character which inevitably casted about a wide shadow of suspicion regarding me, upon potential employers via the instrument of a so-called violence TRO which was not at all temporary, to say the least; 6) Superior Court's apparent exoneration of Blakely-Sokoloff, its internal and external employed agents' actions and inactions through dismissal of my case even in the face of an abundance of submitted evidentiary attachments; 7) Due to BSTZ's actions, I was in constant fear for my life and my family's as well; 8) I was intimidated to such an extent that the level of fear kept

me from filing suit within the time frame allowed by law. Fear of reprisal after filing a suit even more so <u>fully draped my conscience</u> after being targeted by an agent of Blakely-Sokoloff, and now Defendant, (Chuck Wall, *Creative Security Co.*), employed him in order to deliver services that required no less than my full submission, without saying or writing a word in relation to what happened, regarding not filing suit by utilizing the vehicle of fear, terrorizing and intimidation. 9) This conspiratorial and intentional act alone thoroughly violated <u>U.S.C. Section 1985 (3).</u> This act committed by Defendant Chuck Wall and his associates runs parallel with what the "KKK", Grand Wizards and "Slave Masters" (in addition to other colorful titles) willfully perpetrated against the Black populace that was severely marginalized, whipped and enslaved, during the eras of the Middle Passage, Slavery, Jim Crow and the Civil Rights days of the 1960s. *(don't forget about undocumented hangings, burnings, castrations and drownings, just to mention a few more.)*

Only after the fear and intimidation factors abated to a level that my family and I were comfortable with, did I file suit. These Declarants, they should be ashamed of themselves.

In short, the collective Defendants have committed acts akin to nothing short and nothing more than that of <u>*legal gangsterism*</u>. That is to say, we operate and conduct ourselves according to our own code of laws and rules and not those enacted by the California State legislator nor those enacted by the United States' Congress. I implore the court to send a death blow message to those that have an unlimited propensity to engage in this type of behavior. Enough is enough!

Again, Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This, I have done, in addition to, and in the center of the glaring light of the accumulative and precedential case laws presented above, the Defendants' motion for, and I could only surmise their prayer, hopes, thoughts and wishes for dismissal for what THEY incorrectly presume to be a failure to state a claim must be emphatically DENIED!

DATED: August 13, 2008

*Respectfully submitted*

Harris L. Winns, *In Propia Persona*