Nancy L. McCoy (SBN 184983)
Cortney L. McDevitt (SBN 241879)
STRAZULO FITZGERALD, LLP
275 Battery Street, Suite 200
San Francisco, California 94111
Telephone: (415) 394-9500
Facsimile: (415) 934-9501

Attorneys for Defendants
See Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRIS L. WINNS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLAKELY SOKOLOFF TAYLOR & ZAFMAN, LLP, ANTHONY INTIL, CANDY MIELKE, JIM SALTER, MICHAEL MALLIE, JOHN P WARD, ED TAYLOR, DAN DEVOS, DIANE ROBSON, LESTER VINCENT STEVE ZELMAN, DAVE MONTOYA, KAREN WILSON, TAREK FAHMI, LAURA E. INNES, RONALD F. GARRITY, CHARLES WALL<br><br>　　　　Defendants. | CASE NO.: C08 02622 JW<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(b)(6) MOTION TO STRIKE**<br><br>Date:　November 3, 2008<br>Time:　9:00 a.m.<br>Dept.:　Courtroom 8, 4th Floor<br>Judge:　Hon. James Ware |

7178                                                                 1
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS**

## I.     Introduction

Plaintiff opposes Defendants' Motion to Dismiss, arguing for later accrual of his causes of action, equitable tolling and equitable estoppel. However, Plaintiff's arguments are based on faulty legal reasoning, and his outrageous claims lack even basic factual support.

## II.     Legal Argument

### A. Plaintiff has not set forth facts showing he relied to his detriment on any statement or representation made by Defendants.

Plaintiff apparently contends Defendants are estopped from asserting a statute of limitations defense because Plaintiff allegedly relied to his detriment on statements made by the attorney he retained to represent him in Defendant's action for a Workplace Violence restraining order. Plaintiff has not stated a valid claim for equitable estoppel, however, because he has not stated any facts indicating Defendants made any representations to him on which he relied.

A finding of equitable estoppel with respect to a limitations period rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations; (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct; and (3) the extent to which the purposes of the limitations period have been satisfied. Pedigo v. County of Los Angeles, (9th Cir. Cal. 2001) 24 Fed.Appx. 779; Santa Maria v. Pacific Bell, (9th Cir. Cal. 2000) 202 F.3d 1170.

Plaintiff has not set forth any wrongful conduct of Defendants in support of his claim for equitable estoppel based on "detrimental reliance." Instead, Plaintiff states he relied on a representation made by his own attorney, based on information his attorney allegedly obtained from an attorney representing Defendants.

Any representations made to Plaintiff by his own counsel can in no way be attributed to Defendants. Further, any representations made by Defendants' attorney with regard to the Workplace Restraining Order action are protected by the litigation privilege, Cal.Civ.Code § 47, as

7178                                           2

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS**

set forth more fully in Defendants' Rule 12(b)(6) Motion to Dismiss and Defendants' Cal.Civ.Proc.Code § 425.16 Anti-SLAPP motion. The statutes of limitations on Plaintiff's causes of action are therefore not subject to equitable tolling, because Plaintiff did not rely to his detriment on any statements made by Defendants.

**B. Plaintiff has not set forth facts showing Defendants concealed any facts relevant to any cause of action against him.**

Plaintiff apparently also asserts the statutes of limitations on his cause of action are subject to equitable estoppel due to the "fraudulent concealment" occasioned by the Santa Clara Superior Court's dismissal of his Complaint after his failure to timely file an Amended Complaint.

For equitable estoppel to bar the defendant from asserting a statute of limitations defense, the plaintiff must point to some fraudulent concealment -- some active conduct by the defendant above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time. Lukovsky v. City and County of San Francisco, (9th Cir. Cal 2008) 08 Cal. Daily Op. Serv. 10, 240; Kay v. Wells Fargo & Co., (N.D. Cal. 2007) 247 F.R.D. 572.

Again, Plaintiff points to no actions by Defendants which may have constituted an act of concealment. Instead, Plaintiff harangues this Court with protests over Defendant's valid *ex parte* Motion to Dismiss Plaintiff's Complaint after Plaintiff failed to timely file an Amended Complaint, admonishes the Superior Court's filing system, and personally attacks attorney Nancy McCoy. Plaintiff has not contended that information was concealed from him at all, therefore Plaintiff has failed to state any facts supporting his claim for equitable estopple.

**C. Plaintiff's assessment of when his causes of action accrued is incorrect.**

Plaintiff claims his causes of action did not accrue until the Workplace Violence Restraining Order ceased to affect his life. However, Plaintiff's understanding of the accrual of a cause of action is erroneous.

"Accrual" is the date on which the statute of limitations begins to run; under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Parrish v. National Football League Players Ass'n, (N.D. Cal. 2007) 534 F.Supp.2d 1081.

7178    3

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS**

Generally, a claim accrues at the time the injury occurs. An exception to this is the discovery rule which postpones accrual of a claim until the plaintiff discovers or has reason to discover the injury. Miller v. Davis, (C.D. Cal. 2006) 420 F.Supp.2d 1108.

Each of Plaintiff's causes of action accrued for purposes of the statute of limitations when the allegedly wrongful conduct occurred. As stated in Defendants' Motion to Dismiss, Plaintiff's Complaint is vague and ambiguous, and largely fails to state which actions Defendants took to cause Plaintiff's harm. However, the only two adverse actions Defendants ever took against Plaintiff, the termination and the Workplace Violence Restraining Order, occurred more than 6 years before Plaintiff filed this Complaint. Plaintiff's causes of action therefore accrued 6 years ago.

Plaintiff has not alleged that he failed to "discover" his injury or the facts supporting his cause of action until later. Indeed, Plaintiff's Complaint reveals Plaintiff was well aware of the circumstances surrounding his termination and the circumstances surrounding the Workplace Violence Restraining Order when each action was taken.

Plaintiff appears to count the statute of limitations from the date the Workplace Violence Restraining Order stopped affecting his life. As an initial matter, Plaintiff's understanding of the effect of the restraining order is incorrect. As this Court will recall from Defendants' Request for Judicial Notice in support of Defendants' Motion to Dismiss, the Workplace Violence Restraining Order against Plaintiff was dismissed on March 15, 2005, not April 2007, as Plaintiff contends.

Furthermore, the fact that harm may be ongoing does not affect the date upon which a claim accrues. Delaware State College v. Ricks, (1980) 149 U.S. 250. In the Delaware State College case, the Supreme Court examined a plaintiff's claim that the statute of limitations on his employment discrimination cause of action should run from the date his termination became effective, rather than the date he was notified of the College's intent to terminate him, one year prior. The Court held: "[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful…It is simply insufficient for Ricks to allege that his termination gives present effect to the past illegal act and therefore perpetuates the

consequences of forbidden discrimination." <u>Delaware State College</u> at 258.

Here, Plaintiff attempts the same argument as the plaintiff in the <u>Delaware State College</u> case. He contends the statutes of limitations on his causes of action should not begin to run until the effects of Defendants' allegedly wrongful conduct ended. This reasoning is clearly incorrect. Whatever causes of action Plaintiff may have had accrued at the time of the allegedly wrongful conduct, more than 6 years ago.

**D. Plaintiff has not set forth facts showing exceptional circumstances sufficient to toll the Statute of Limitations.**

Plaintiff's final argument asserts the statutes of limitations are subject to the doctrine of equitable tolling based on "exceptional circumstances." In so doing, Plaintiff cites a myriad of cases allowing equitable tolling in instances of severe, overt racial discrimination. However, Plaintiff sets forth no facts justifying the application of equitable tolling in this case.

A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. <u>Logan v. Hall</u> (9th Cir. Cal. 2006) 207 Fed.Appx. 872.

Here, Plaintiff began his attempt to vindicate his legal rights in August 2007, five years after he was terminated from his position with BSTZ and had a Workplace Violence Restraining Order entered against him. Plaintiff had done nothing to pursue his rights in the preceding five years, and therefore cannot be said to have been pursuing his rights diligently.

In addition, the "exceptional circumstances" Plaintiff asserts are nothing more than derogations of the Superior Court's alleged impartiality and competence, and naked conclusory statements regarding his "fear for [his] life." Plaintiff has not set forth a single act performed by Defendants that would engender any fear whatsoever, let alone acts rising to the level of torment inflicted by slave masters or the KKK. Furthermore, if Plaintiff took issue with any of the actions of the Superior Court, Plaintiff's proper recourse is an appeal, not an action in Federal Court.

As Plaintiff has not diligently pursued his legal rights, and has not set forth any valid exceptional circumstances for this Court's consideration, the statutes of limitations for Plaintiff's

7178                                     5
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS**

causes of action may not be tolled.

### III.   Conclusion

Plaintiff has concocted yet another masterpiece of legal fiction in an attempt to persuade this Court to ignore the rule of law and vindicate his long-festering complaints. In place of factual support and sound legal reasoning, Plaintiff fills his brief with threats, hyperbole and childish admonitions. Plaintiff has shown once more that he intends only to abuse the legal process to harass and frustrate Defendants, causing grossly unwarranted expenditures of time and resources. Defendants therefore respectfully request that this Court grant their Motion to Dismiss, and dismiss Plaintiff's action.

Date:  August 28, 2008                    STRAZULO FITZGERALD, LLP

By /s/
    Nancy L. McCoy
    Cortney L. McDevitt
    Attorneys for Blakely Sokoloff Taylor & Zafman, LLP, Anthony Intil, Candy Mielke, Michael Mallie, John P. Ward, Ed Taylor, Dan Devos, Diane Robson, Lester Vincent, Steve Zelman, Dave Montoya, Karen Wilson and Tarek Fahmi

7178                                        6
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS**

**CASE NAME: Winns v. Blakely Sokoloff, et al**
**NORTHERN DISTRICT/ SAN JOSE DIVISION ACTION NO: C08 02622 JW**

**PROOF OF SERVICE**

I am a citizen of the United States. My business address is 275 Battery Street, Suite 200, San Francisco, California, 94104. I am employed in the county of San Francisco where this service occurs. I am over the age of 18 years and not a party to the within cause.

On August 28, 2008, I served the following document(s) described as:

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' 12(b)(6) MOTION TO STRIKE**

☒ **BY MAIL:** I am readily familiar with my employer's normal business practice of collection and processing of correspondence for mailing. Under that practice, correspondence is deposited with the U.S. Postal Service that same day in (a) sealed envelope(s) with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business.

☐ **BY FAX:** I served said document(s) by transmitting via facsimile from facsimile number 415.394.9501 to the facsimile number(s) set forth below, or as stated on the attached service list, on this date before 5.00 p.m. A statement that this document was successfully transmitted without error is hereby attached to the Proof of Service.

**BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered on the same day to an authorized courier or driver or to a regular box or other facility regularly maintained by **FEDERAL EXPRESS** with delivery fees provided for, addressed to the person(s) on whom it is to be served.

on the interested party(ies) in this action addressed as follows:

HARRIS L. WINNS
2610 Sierra Vista Ct.
San Jose, CA 95116
Tel: (408) 835-8872

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 28, 2008, at San Francisco, California.

_____/s/_____
Alice Kay

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO CALIFORNIA 94111
TEL. 415.394.9500  FAX. 415.394.9501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRAZULO FITZGERALD LLP
275 BATTERY ST., SUITE 200
SAN FRANCISCO CALIFORNIA 94111
TEL. 415.394.9500  FAX. 415.394.9501

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS**