1  CHARLES A. DYER, Esq., State Bar #47718
   DYER & WHITE, LLP
2  800 Oak Grove, Suite 200
   Menlo Park, CA 94025
3  Tele:  (650) 325-7000
   FAX:   (650) 325-3116
4  E-Mail:  cdyer@dyer-white.com

5  Attorneys for Defendants
   Laura E. Innes and Ronald F. Garrity
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11  HARRIS L. WINNS,                         ) Case No.  C08 02622 JW
                                             )
12                     Plaintiff,            ) **NOTICE OF MOTION AND**
                                             ) **MEMORANDUM IN SUPPORT**
13         vs.                               ) **OF DEFENDANTS INNES &**
                                             ) **GARRITY'S SPECIAL MOTION**
14  BLAKELY SOLOKOFF TAYLOR & ZAFFMAN,       ) **TO STRIKE PLAINTIFF'S**
    LLP, ANTHONY INTIL, CANDY MIELKE,        ) **COMPLAINT PURSUANT TO**
15  JIM SALTER, MICHAEL MALLIE, JOHN P.      ) **CALIFORNIA CIVIL PROCE-**
    WARD, ED TAYLOR, DAN DEVOS, DIANE        ) **DURE CODE §425.16**
16  ROBSON, LESTER VINCENT, STEVE            )
    ZELMAN, DAVE MONTOYA, KAREN WILSON,      )
17  TAREK FAHMI, LAURA E. INNES, RONALD      )
    F. GARRITY, CHARLES WALL,                ) Date:  November 3, 2008
18                                           ) Time:  9:00 a.m.
                       Defendants.           ) Dept:  Courtroom 8, 4th Floor
19  _____ ) Judge:  Hon. James Ware

20

21                   **NOTICE OF MOTION**

22         PLEASE TAKE NOTICE that on **November 3, 2008**, at 9:00 a.m. or as soon

23  thereafter as the matter may be heard in Department 8 of the above-entitled court located at 2112

24  Robert F. Peckham, Federal Building, United States Courthouse, 280 South First Street, San

25  Jose, California, 95113-3002; telephone: (408) 535-5364, Defendants LAURA E. INNES and

26  RONALD F. GARRITY will bring Defendants' Innes and Garrity's Special Motion to Strike

27  Plaintiff's Complaint Pursuant to California Civil Procedure Code §425.16.

28  //

LAW OFFICES
DYER & WHITE, LLP

–1–
NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 –  CASE #C08 02622JW

1

## STATEMENT OF RELIEF MOVANTS SEEK

Defendants LAURA E. INNES and RONALD F. GARRITY ("Defendants") seek this court to strike Plaintiff Harris L. Winns' ("Plaintiff") causes of action for Malicious Prosecution and Abuse of Process and therefore the entire Complaint against Defendants on file herein pursuant to California Civil Procedure Code §425.16, as the causes of action for Malicious Prosecution and Abuse of Process appear to be the only causes of action alleged against the moving Defendants.  Defendants further seek this Court if this Motion is granted to order Plaintiff to pay the attorney's fees and costs incurred by Defendants in making this motion in an amount to be determined after the Court's decision upon application of the Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS INNES & GARRITY'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT

## TABLE OF CONTENTS

**PAGE NO.**

NOTICE OF MOTION..................................................................... 1

STATEMENT OF RELIEF MOVANTS SEEK................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS INNES & GARRITY'S
MOTION TO STRIKE PLAINTIFF'S COMPLAINT........................ 2

I.     STATEMENT OF THE ISSUES TO BE DECIDED.................... 5

II.    STATEMENT OF RELEVANT FACTS...................................... 6

III.   ARGUMENT: LEGAL ANALYSIS AND AUTHORITIES....... 8

       A.    Statutory authority for special Motion to Strike................... 8

       B.    A special motion to strike under California Civil Pro-
             cedure Code §425.16 may be brought in federal court......... 9

       C.    To determine if the Defendant should prevail
             in an anti-SLAPP motion the Court applies
             a two-step process.................................................................. 9

       D.    Defendants' actions in regard to the malicious
             prosecution and abuse of process allegations
             are petitioning activities which are protected
             by the anti-SLAPP statute..................................................... 10

LAW OFFICES
DYER & WHITE, LLP

|  |  | **PAGE NO.** |
|---|---|---|
| E. | Plaintiff cannot establish a probability of success with respect to his claims against Defendants........................................................ | 12 |
| F. | The Plaintiff cannot establish a probability of success in his claim for malicious prosecution................. | 12 |
| G. | The Plaintiff cannot establish a probability of success in his claim of abuse of process........................... | 14 |
| H. | Defendants are entitled to recover their attorney's fees and costs........................................................ | 16 |
| IV. | CONCLUSION.............................................................. | 16 |

## TABLE OF AUTHORITIES

|  | **PAGE NO.** |
|---|---|

### STATE CASES

| 1-800 Contacts, Inc. v. Steinberg 107 Cal.App.4th 568, 584 (2003)........................................................ | 9 |
|---|---|
| A.F. Brown Elec. Contractor, Inc. v. Rhino Elec. Supply, Inc. 137 Cal.App.4th 1118, 1126 (2006)...................................... | 11 |
| Briggs v. Eden Council for Hope & Opportunity 19 Cal.4th 1106, 1113, 1123 (1999)  ................................................. | 10 |
| Brown v. Kennard 94 Cal.App.4th 40, 44  (2001)............................................... | 14 |
| Cantu v. Resolution Trust Corp. 4 Cal.App.4th 857, 886-887 (1992)............................. ................... | 14 |
| City of Cotati v. Cashman 29 Cal.4th 69, 74-76 (2002)................................................. | 10 |
| Dowling v. Zimmerman 85 Cal.App.4th 1400, 1410 (2001)........................................ | 10 |
| Equilon Enterprises, LLC v. Consumer Cause, Inc. 29 Cal.4th 53, 67 (2002)......................................................... | 10 |
| Flores v. Emerich & Fike 416 F. Supp.2d 885, 903 (E.D. Cal. 2006)........................................ | 11 |
| HMS Capital, Inc. v. Lawyers Title Co. 118 Cal.App.4th 204, 213 (2004)......................................... | 13 |

– 3 –

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL**
**MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

**PAGE NO.**

Jacob B. v. County of Shasta
   40 Cal.4th 948, 956, (2007)................................................... 16

Kappel v. Bartlett
   200 Cal.App.3d 1457, 1467-68 (1988).............................. 15

Kashian v. Harriman
   98 Cal.App.4th 892, 906 (2002).......................................... 9

Kibler v. Northern Inyo County Local Hosp. Dist.
   39 Cal.4th 192, 197 (2006)................................................. 8

Kolar v. Donahue, McIntosh & Hammerton
   145 Cal.App.4th 1532, 1537 (2006).................................... 11

Ludwig v. Superior Court (City of Barstow)
   37 Cal.App.4th 8, 19 (1995)............................................... 11

Mann v. Quality Old Time Service, Inc.
   120 Cal.App.4th 90, 103 (2004)......................................... 12

Navarro v. IHOP Properties, Inc.
   134 Cal.App.4th 834, 842- 843 (2005)................................ 10

Navellier v. Sletten
   29 Cal.4th 82, 92 (2002)..................................................... 11

Pfeiffer Venice Properties v. Bernard
   101 Cal.App.4th 211, 215 (2002)....................................... 16

Philipson & Simon v. Gulsvig
   154 Cal.App.4th 347, 361-364 (2007)................................. 12

Roberts v. Los Angeles County Bar Assn.
   105 Cal.App.4th 604, 614 (2003)....................................... 9

Rubin v. Green
   4 Cal. 4th 1187, 1193 (1993).............................................. 15

Rusheen v. Cohen
   37 Cal.4th 1048, 1065 (2006)............................................. 16

Siam v. Kizilbash
   130 Cal.App.4th 1563, 1570 (2005).................................... 11

Stavropoulos v. Superior Court
   141 Cal.App.4th 190, 197 (2006)....................................... 13

Twyford v. Twyford
   63 Cal.App.3d 916, 924-926 (1976).................................... 15

Umansky v. Urquhart
   84 Cal.App.3d 368, 371-372 (1978).................................... 15

NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW

**PAGE NO.**

Vogel v. Felice
    127 Cal.App.4th 1006, 1017 (2005)...................................................   12

### FEDERAL CASES

Barrett v. Negrete
    126 Fed. Appx. 816, 817 (9th Cir. Cal. 2005)....................................   13

Chang v. Rockridge Manor Condo.
    2008 U.S. Dist. LEXIS 10595, 21-22 (N.D. Cal. Feb. 13, 2008)......   14

Globetrotter Software, Inc. v. Elan Computer Group, Inc.
    63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999)......................................   10

Metabolife Intern., Inc. v. Wornick
    213 F. Supp.2d 1220 (S.D. Cal.2002)..................................................   16

Metabolife Intern., Inc. v. Wornick
    264 F.3d 832, 839 (9th Cir. 2001).......................................................   9

Robertson v. Northwest Administrators, Inc.
    1999 U.S. Dist. LEXIS 4238, 18 (N.D. Cal. Mar. 26, 1999....................   15

Silverstein v. E360insight, LLC
    2008 U.S. Dist. LEXIS 36858, 19 (C.D. Cal. May 5, 2008)..............   14

United States, ex rel. Newsham v. Lockheed Missiles & Space Co.
    190 F.3d 963, 973 (9th Cir. 1999)........................................................   9, 16

Vess v. Ciba-Geigy Corp. USA
    317 F.3d 1097, 1110 (9th Cir. Cal. 2003).........................................   10

### STATUTES

California Civil Procedure Code §335.1..............................................   13

California Civil Procedure Code §425.16............................................   Referred to
    throughout memo

Federal Rules of Civil Procedure 12 and 56........................................   9

## I.   STATEMENT OF THE ISSUES TO BE DECIDED:

       This special motion to strike is made on the grounds that Plaintiff's causes of action for Abuse of Process and Malicious Prosecution arise from Defendants' valid exercise of the constitutional right to petition which is protected by the First Amendment to the United States Constitution, Article I of the California Constitution and by the litigation privilege.  Since Plaintiff's causes of action for Abuse of Process and Malicious Prosecution arise from Defen-

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

1    dants' litigation-related and petitioning activity and because Plaintiff cannot establish a

2    probability of success on his claims, California Civil Procedure Code §425.16 (the anti-SLAPP

3    statute) requires the dismissal of Plaintiff's causes of action for Abuse of Process and Malicious

4    Prosecution and therefore the entire complaint, against the moving Defendants.

5           Issue 1: The Court must decide whether the Defendants have made a prima facie

6    showing that the acts of which the Plaintiff complains were taken in furtherance of the

7    Defendants' rights of petition;

8           Issue 2: If the Defendants meet the burden stated above in Issue 1, the burden shifts to

9    Plaintiff and the Court must decide whether Plaintiff has shown a probability of prevailing on the

10   claim; and

11          Issue 3: If the Defendants prevail on this motion, the Court must award attorneys' fees

12   and costs and determine the amount of attorneys' fees and costs to be awarded Defendants upon

13   future application of the Defendants.

14   **II.    STATEMENT OF RELEVANT FACTS:**

15          On February 14, 2002, Defendant law firm Blakely, Sokoloff, Taylor & Zafman

16   ("BSTZ") terminated Plaintiff Harris Winn's ("Plaintiff") employment (Compl., 8-11:23-13)

17   after Plaintiff was involved in a verbal dispute with a co-worker.  (Compl, 8:25-28.)

18          On April 10, 2002, BSTZ  obtained a Temporary Restraining Order and Order to Show

19   Cause Why Preliminary Injunction Should Not be Issued ("temporary restraining order") against

20   Plaintiff in the Superior Court of Santa Clara County, California.  (Exhibit "A".)  Prior to the

21   hearing on the temporary restraining order  BSTZ and Plaintiff, who was represented by an

22   attorney (Compl., 17:22-23), entered into a Stipulated Order for Injunction (stipulated

23   injunction) on May 6, 2002, set to expire by its own terms on April 30, 2005.  (Exhibit. "B";

24   Compl., 26:1.)  BSTZ was represented by Innes and Garrity (sometimes referred to herein

25   collectively as "Defendants") in regard to the temporary restraining order and the stipulated

26   injunction.  (Exhibit "B"; Compl., 17:7-27; 38:25-27.)

27          On July 25, 2007, Plaintiff filed a complaint in the Superior Court of Santa Clara County,

28   California against 16 defendants including Innes and Garrity alleging various causes of action

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

1   including those based on the action of Innes and Garrity in obtaining the temporary restraining

2   order and the stipulated injunction.  That lawsuit was dismissed as to Innes and Garrity upon the

3   Court's granting of a Special Motion to Strike pursuant to California Code of Civil Procedure

4   §425.16.  Plaintiff refers to the state court litigation and the special  motion to strike in his

5   Complaint.  (Compl., 53-58.)

6        The Plaintiff then commenced this litigation on May 23, 2008.  (Compl., 1.)

7        In this complaint, Plaintiff appears to allege a variety of causes of action against BSTZ

8   and the individual defendants other than Innes and Garrity.  Those causes of action are based

9   upon the termination of his employment, the investigation and security action taken by BSTZ

10  and others after Plaintiff's termination, and the obtaining of the temporary restraining order and

11  stipulated injunction.  Neither Innes nor Garrity is alleged to be, and they never were, employers

12  of Plaintiff.

13       Although Plaintiff does allege that "the term 'Defendants', where not otherwise qualified,

14  shall refer to all named Defendants individually and collectively, and when used in conjunction

15  with allegations of unlawful conduct, shall mean that each Defendant committed such act and/or

16  is legally accountable for such act(s)..." (Compl., 8:6-13),  Plaintiff makes minimal factual and

17  directly identifiable allegations in relation with a potential cause of action regarding Innes and

18  Garrity prior to the section in the Complaint entitled "CONTINUUM", which commences on

19  page 53 of the Complaint.  Specifically, prior to the "CONTINUUM" Plaintiff alleges that: Innes

20  "attempted to console" Plaintiff's wife during a court proceeding (Compl., 17:13-19); advised

21  Plaintiff's attorney that the restraining order would not affect Plaintiff's ability to obtain

22  employment in April, 2002 (Compl., 17:21-27); and Innes knew or should have known that the

23  restraining order would eventually cause an abundance of upheaval and unrest in his life

24  (Compl., 18:6-9), Plaintiff also includes in his allegations a lengthy "Letter to Laura Innes."

25  (Compl., 29-34:21-25.)  The content of the "letter" appears to be Plaintiff's attempt to inform

26  Innes of the action of BSTZ in regard to the Plaintiff's employment termination, the injunctive

27  relief and what Plaintiff describes as the results of such action.  In the "letter" there is no

28  discernable allegation of a cause of action relating to Innes.  Plaintiff alleges in regard to Garrity

LAW OFFICES
DYER & WHITE, LLP

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

1    that he told a court clerk that he needed "a workplace violence restraining order".  (Compl., 38-

2    39:25-1.)

3         The allegations of the "CONTINUUM" specifically refer to the Innes and Garrity special

4    motion to strike in the state court and  state that these Defendants "did not have a right to

5    maliciously prosecute or abuse the judicial process against me or anyone else while in the

6    process of choosing whom to defend in addition to intentionally failing to corroborate Blakely-

7    Sokoloff's claims in the first instance." (Compl., 53:11-15; emphasis in original.)  Plaintiff does

8    alleges that Innes and Garrity "did have a right to petition" on behalf of BSTZ.  (Compl., 54-

9    55:28-1.)

10   **III.    ARGUMENT:  LEGAL ANALYSIS AND AUTHORITIES:**

11        Although somewhat difficult to determine because of the ambiguity in the Complaint,

12   Defendants have determined that Plaintiff has attempted to state causes of action against the

13   Defendants for malicious prosecution and abuse of process.  (Compl. 53:10-15.)  Plaintiff bases

14   those causes of action against Defendants in their role, as BSTZ's counsel, in obtaining the

15   temporary restraining order and the stipulated injunction.  Thus, Defendants contend that

16   Plaintiff's causes of action trigger California Civil Procedure Code §425.16, the anti-SLAPP

17   (Strategic Lawsuits Against Public Participation) statute, because the causes of action arise

18   directly from Defendants' petitioning conduct.  Defendants also contend that once it is

19   determined that Defendants were engaged in protected activity that Plaintiff will not be able to

20   meet his burden of showing a probability of success regarding these causes of action.

21        **A.  Statutory Authority for Special Motion to Strike.**

22        California Civil Procedure Code §425.16 establishes a procedure for bringing a special

23   motion to strike lawsuits that are brought primarily to chill the valid exercise of the consti-

24   tutional rights of freedom of speech and petition for the redress of grievances.  (Cal. Civil Proc.

25   Code §425.16(a);  Kibler v. Northern Inyo County Local Hosp. Dist., 39 Cal.4th 192, 197

26   (2006).  Further, Section 425.16 provides: "A cause of action against a person arising from any

27   act of that person in furtherance of the person's right of petition or free speech under the United

28   States or California Constitution in connection with a public issue shall be subject to a special

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Civ. Proc. Code §425.16(b)(1).

### B. A special motion to strike under California Civil Procedure Code §425.16 may be brought in federal court.

California's "anti-SLAPP statute was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." (Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001).

Although Federal Rules of Civil Procedure 12 and 56 allow a litigant to test the opponent's claims before trial, California's special motion to strike adds an additional, unique weapon to the pretrial arsenal. It cannot be disputed that motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court. (United States, ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir. 1999).  As there is no direct conflict between the Federal Rules and California Civil Procedure Code §§425.16 (b) and (c), adopting California procedural rules serves the purposes of the Erie doctrine. (Ibid.)

### C. To determine if the Defendant should prevail in an anti-SLAPP motion the Court applies a two-step process.

To decide an anti-SLAPP motion, California Civil Procedure Code §425.16 requires the trial court to undertake a two-step process. (Kashian v. Harriman, 98 Cal.App.4th 892, 906 (2002).  First, the court must decide whether the defendant has made a prima facie showing that the acts of which the plaintiff complains were taken in furtherance of the defendant's rights of petition or free speech. (Ibid.)

Second, if the defendant meets its burden, the burden shifts to the plaintiff to show a probability of prevailing on the claim. (Ibid.)  "In order to establish the necessary probability of prevailing, [a] plaintiff [is] required both to plead claims that [are] legally sufficient, and to make a prima facie showing, by admissible evidence, of facts that would merit a favorable judgment on those claims, assuming plaintiff's evidence were credited." (1-800 Contacts, Inc. v. Steinberg,  107 Cal.App.4th 568, 584 (2003).  Further, to meet his or her burden in opposing the motion, "a plaintiff cannot simply rely on its pleadings, even if verified, but must adduce

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

1    competent, admissible evidence." (Roberts v. Los Angeles County Bar Assn., 105 Cal.App.4th

2    604, 614 (2003).

3        The Federal Courts also follow the two-step process.  "A court considering a motion to

4    strike under the [California] anti-SLAPP statute must engage in a two-part inquiry." (Vess v.

5    Ciba-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. Cal. 2003).  "First, a defendant 'must

6    make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of

7    the defendant's rights of petition or free speech.'" (Ibid.; quoting Globetrotter Software, Inc. v.

8    Elan Computer Group, Inc., 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999). "Second, once the

9    defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a

10   probability of prevailing on the challenged claims.'" (Ibid.; quoting Globetrotter Software, Inc. v.

11   Elan Computer Group, Inc., 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999).

12   **D.  Defendants' actions in regard to the malicious prosecution**
     **and abuse of process allegations are petitioning activities**
13   **which are protected by the anti-SLAPP statute.**

14       An "act in furtherance of a person's right of petition or free speech..." includes any

15   written or oral statement made before a legislative, executive, or judicial body, or any other

16   official proceeding authorized by law, or in connection with an issue under consideration by

17   such body or in such proceeding.  (Civ. Proc. Code §425.16(e)(1) and (e)(2).)  "When the

18   defendant's alleged acts fall under the first two prongs of Section 425.16, subdivision (e) (speech

19   or petitioning before a legislative, executive, judicial, or other official proceeding, or statements

20   made in connection with an issue under review or consideration by an official body), the

21   defendant is not required to independently demonstrate that the matter is a 'public issue' within

22   the statute's meaning." (Navarro v. IHOP Properties, Inc., 134 Cal.App.4th 834, 842- 843

23   (2005); see, also, Briggs v. Eden Council for Hope & Opportunity, 19 Cal.4th 1106, 1113, 1123

24   (1999).  Additionally, the defendant is not required either to demonstrate that it was the

25   plaintiff's intent to chill the defendant's speech or petitioning rights or to demonstrate that the

26   plaintiff's claim actually had a chilling effect on the exercise of such rights.  (Equilon

27   Enterprises, LLC v. Consumer Cause, Inc., 29 Cal.4th 53, 67 (2002); City of Cotati v. Cashman,

28   29 Cal.4th 69, 74-76 (2002).

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

1    The anti-SLAPP statute expressly mandates that the statute "shall be construed broadly".

2    (Civ. Proc. Code §425.16(a); <u>Dowling v. Zimmerman</u>, 85 Cal.App.4th 1400, 1410 (2001).

3    Nothing in the anti-SLAPP statute categorically excludes any particular type of cause of action

4    from being stricken pursuant to its provisions.  (<u>Navellier v. Sletten</u>, 29 Cal.4th 82, 92 (2002).

5    The focus of the anti-SLAPP statute is not the form of plaintiff's cause of action, but rather it is

6    on the defendant's activity that gives rise to his asserted liability and whether that activity

7    constitutes protected speech or petitioning.  (<u>Ibid.</u>)

8    The first step in the analysis is to determine whether the claim at issues "arises from"

9    protected activity.  (Civ. Proc. Code §425.16(b).)  For this step, "the critical consideration is

10   whether the cause of action is <u>based on</u> the defendant's protected free speech or petitioning

11   activity." (<u>Navellier</u>, <u>supra</u>, 29 Cal.4th at 89 (italics in original); see, also, <u>Kolar v. Donahue,</u>

12   <u>McIntosh & Hammerton</u>, 145 Cal.App.4th1532, 1537 (2006) (a claim 'arises from' an act when

13   the act forms the basis for the plaintiff's cause of action).)  Filing a lawsuit or seeking admini-

14   strative action is an exercise of one's constitutional right of petition and any statements made in

15   connection with litigation "arise from" protected activity under Section 425.16.  (<u>Ludwig v.</u>

16   <u>Superior Court (City of Barstow)</u>, 37 Cal.App.4th 8, 19 (1995).   To be subject to the anti-

17   SLAPP statute, it is necessary only that the communication bear "some relation" to the lawsuit.

18   (<u>A.F. Brown Elec. Contractor, Inc. v. Rhino Elec. Supply, Inc.</u>, 137 Cal.App.4th 1118, 1126

19   (2006).

20   The Anti-SLAPP statute explicitly covers the malicious prosecution cause of action as it

21   applies to "any written or oral statement or writing made before a. . .judicial proceeding."

22   (<u>Flores v. Emerich & Fike</u>, 416 F. Supp.2d 885, 903 (E.D. Cal. 2006).

23   Furthermore, the Anti-SLAPP statute applies to abuse of process claims where the

24   underlying act arises from the exercise of the right to petition the courts for redress.  (see <u>Siam v.</u>

25   <u>Kizilbash</u>, 130 Cal..App.4th 1563, 1570 (2005) (reasoning that a cause of action for abuse of

26   process is subject to the Anti-SLAPP statute because "it arises from the exercise of the right of

27   petition."). (<u>Flores v. Emerich & Fike</u>, 416 F. Supp.2d 885, 904-905 (E.D. Cal. 2006).

28   It is difficult to determine the wrongful acts that are alleged by the Plaintiff against Innes

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

1   and Garrity.  Therefore, it may be contended by the Plaintiff that the causes of action at issue in

2   this case are mixed in that they are based upon both protected and unprotected activity.  Any

3   such contention by the Plaintiff is not sufficient for denial of this motion.  Where a cause of

4   action alleges both protected and unprotected activity, the cause of action will be subject to the

5   anti-SLAPP statute unless the protected conduct is merely incidental to the unprotected conduct.

6   (Mann v. Quality Old Time Service, Inc.,120 Cal.App.4th 90, 103 (2004).

7        It is clear that Plaintiff's allegations of malicious prosecution and abuse of process

8   against Innes and Garrity arise from petitioning activity.  Plaintiff's factual allegations regarding

9   Innes and Garrity relate to their participation in obtaining a temporary restraining order and

10   stipulated injunction against him.  Any causes of action asserted against Innes and Garrity must

11   therefore necessarily arise from petitioning activity, i.e., statements and conduct related to filing

12   of the temporary restraining order and stipulated injunction.  Accordingly, Defendants' activities

13   fall squarely within the plain language of the anti-SLAPP statute.  Defendants therefore have

14   satisfied their burden under the first step of the anti-SLAPP statute analysis.

15        **E.  Plaintiff Cannot Establish A Probability Of Success**
              **With Respect To His Claims Against Defendants.**

16

17        Since all of Plaintiff's claims against Innes and Garrity arise from Defendants' actions in

18   furtherance of petitioning activity, the burden shifts to Plaintiff to show that he can establish a

19   probability of success with respect to these claims.   The Plaintiff's claims against Defendants

20   are  not sufficiently plead.  (See, Philipson & Simon v. Gulsvig, 154 Cal.App.4th 347, 361-364

21   (2007) (plaintiff cannot show a probability of success where allegations are insufficient to

22   constitute a cause of action; Vogel v. Felice, 127 Cal.App.4th 1006, 1017 (2005)  (plaintiff

23   cannot show a probability of success where claim is legally insufficient on its face).  The

24   Plaintiff cannot  make a prima facie showing by admissible evidence of facts that would merit a

25   favorable judgment on the claims.  And furthermore, the claims are barred by the applicable

26   statute of limitations and in regard to the claim for abuse of process barred by the litigation

27   privilege.  Thus, Plaintiff cannot meet his burden.

28        **F.  The Plaintiff cannot establish a probability**
              **of success in his claim for malicious prosecution.**

LAW OFFICES
DYER & WHITE, LLP

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

1

2      The Plaintiff's allegations supporting his contention of malicious prosecution (Compl.,

3   54-60) by the Defendants are confusing.  However, it appears that the Plaintiff alleges for this

4   cause of action that the Defendants were:  "negligent in screening the validity of a potential

5   client's claims prior to accepting them; they've failed to enumerate and ascertain facts that

6   would've been supportive of Blakely-Sokoloff's claims as well" (Compl. 55:2-6); and "if the

7   Defendant had in place a screening process whereby potential clients are at least vigorously

8   screened prior to accepting their claims at face value and apparently without scrutiny. . ."

9   (Compl., 56:8-12.)   These allegations are not sufficient to state a cause of action for malicious

10  prosecution.

11     In California, an action for malicious prosecution has three elements. The plaintiff must

12  establish that the prior underlying action (1) was commenced by or at the direction of the

13  defendant and it was pursued to a legal termination in the plaintiff's favor; (2) was brought

14  without probable cause; and (3) was initiated with malice. (Barrett v. Negrete, 126 Fed. Appx.

15  816, 817 (9th Cir. Cal. 2005); citing HMS Capital, Inc. v. Lawyers Title Co., 118 Cal.App.4th

16  204, 213 (2004).  The Plaintiff does not plead these necessary elements.

17     Also, the Plaintiff cannot meet his burden to prove a probability of prevailing on the

18  merits in regard to malicious prosecution.  He cannot meet the first necessary element.  He

19  cannot show that the temporary restraining order and/or the stipulated injunction were pursued to

20  a legal termination in the Plaintiff's favor.  The temporary restraining order and the stipulated

21  injunction was entered against the Plaintiff.  (Compl., 58:10-12; 59:20-22; Exhibits "A" and

22  "B".)

23     Furthermore, the Plaintiff's cause of action for malicious prosecution is barred by the

24  statute of limitations.  The statute of limitations for malicious prosecution in California has been

25  established as a two-year period under California Civil Procedure Code §335.1 (for "injury to, or

26  for the death of, an individual caused by the wrongful act or neglect of another").  (Cal. Civ.

27  Proc. Code §335.1; Stavropoulos v. Superior Court, 141 Cal.App.4th 190, 197 (2006).  Such a

28  cause of action accrues at the time of entry of judgment in the underlying action in the trial court.

NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW

1    (Ibid.)  An appeal from the judgment can alter the accrual of the cause of action.  However, there

2    was no appeal in the case at bar.

3        The temporary restraining order was entered on April 10, 2002,  and the stipulated

4    injunction was entered on May 6, 2002, both of which was more than six years prior to the filing

5    of the Complaint in this matter.  Therefore, the Plaintiff's cause of action for malicious

6    prosecution is barred by the statute of limitations.

7         The Plaintiff cannot show a probability that he can prevail on his cause of action for

8    malicious prosecution..

9        **G.  The Plaintiff cannot establish a probability**
         **of success in his claim of abuse of process.**

10

11       The Plaintiff's allegations supporting his contention of abuse of process by the Defen-

12   dants are difficult to ascertain.  (Compl., 53:54; 60-63.)  However,  the gist of his allegations are

13   that Defendants obtained the temporary restraining order and stipulated  injunction as a result of

14   "intentionally failing to corroborate Blakely-Sokoloff's claims in the first instance" (Compl.,

15   53:13-15) and by a "shoddy screening process" (Compl. 60:12).   These allegations by Plaintiff

16   are not legally sufficient to support a probability of prevailing against Defendants on a cause of

17   action for abuse of process.

18       "The tort of abuse of process arises when one uses the court's process for a purpose other

19   than that for which the process was designed."  (Brown v. Kennard, 94 Cal.App.4th 40, 44

20   (2001).  "The elements of the tort of abuse of process are: 'that the defendant (1) contemplated

21   an ulterior motive in using the process; and (2) committed a willful act in the use of the process

22   not proper in the regular conduct of the proceedings.'"  (Silverstein v. E360insight, LLC,  2008

23   U.S. Dist. LEXIS 36858, 19 (C.D. Cal. May 5, 2008).   The Plaintiff does not plead any of the

24   necessary elements for abuse of process.

25       Furthermore, the Plaintiff's cause of action for abuse of process is barred by the statute of

26   limitations.  The statute of limitations for abuse of process is a two-year period under California

27   Civil Procedure Code §335.1.  (Chang v. Rockridge Manor Condo., 2008 U.S. Dist. LEXIS

28   10595, 21-22 (N.D. Cal. Feb. 13, 2008).  The two-year period applies as abuse of  process is an

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL**
**MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW**

1   injury to the person (<u>Cantu v. Resolution Trust Corp.,</u> 4 Cal.App.4th 857, 886-887 (1992); citing

2   former Cal. Civ. Proc. Code §340(3).

3        In abuse of process claims, courts have departed from the traditional commencement

4   point (when the wrongful act occurred), to hold that, the discovery of the injury and its cause

5   signify the accrual point from which the appropriate statute of limitations runs. (<u>Robertson v.</u>

6   <u>Northwest Administrators, Inc.,</u> 1999 U.S. Dist. LEXIS 4238, 18 (N.D. Cal. Mar. 26, 1999;

7   citing <u>Kappel v. Bartlett,</u> 200 Cal.App.3d 1457, 1467-68 (1988).

8        From the allegations in the Plaintiff's Complaint it is evident that the cause of action for

9   abuse of process accrued many years ago.  BSTZ's request for the temporary restraining order

10  was on April 9, 2002 (Exhibit "A") and the stipulated order was on May 6, 2002 (Exhibit "B").

11  The Plaintiff's allegations show that much more than two years passed (almost six years) in

12  regard to the accrual of the cause of action before he filed this Complaint on May 23, 2008.  He

13  alleges that:: "[He was] placed under a glowing light of humiliation and suspicion for 5 years

14  (Compl. 20:28); "In fact, it [BSTZ plan] failed each and every day for five years . . . (Compl.

15  22:17; "Prior to the 'order' lapsing, I hadn't been invited to an employment interview in (6)

16  years" (Compl., 26:22-24); and "I was intentionally placed in a position . . . that essentially

17  barred me from participating in the employment market for 5 years" (Compl., 39:18-19).

18  Plaintiff certainly knew of his claimed injury years before he filed the complaint.  In an e-mail to

19  Innes dated August 29, 2005, Plaintiff states: ". . .it's been (3-1/2) years since your client,

20  Blakely-Sokoloff, has injured my potential to provide for my family."  (Compl., Exhibit E, p. 3.)

21       Finally, the Plaintiff cannot demonstrate a probability of overcoming application of the

22  litigation privilege to his cause of action for abuse of process.

23       A complaint for abuse of process fails to state a cause of action when it shows on its face

24  that it is based on a publication which is absolutely privileged under California Civil Code

25  Section 47(b) because it was made in the course of a judicial proceeding. (See <u>Umansky v.</u>

26  <u>Urquhart,</u> 84 Cal.App.3d 368, 371-372 (1978); <u>Twyford v. Twyford,</u> 63 Cal.App.3d 916,

27  924-926 (1976).  The application of the litigation privilege eliminates the threat of tort liability

28  for communications made during judicial, quasi-judicial, legislative and other official

NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 – CASE #C08 02622JW

proceedings.

The litigation privilege applies notwithstanding a party's attempt to plead around this absolute barrier. (Rubin v. Green,  4 Cal. 4th 1187, 1193 (1993).  The litigation privilege has been described as absolute, regardless of malice and extending even to perjury.  (Jacob B. v. County of Shasta, 40 Cal.4th 948, 956, (2007).

The allegations of the Plaintiff's Complaint base the Defendants' liability on their obtaining of the temporary restraining order and the stipulated order.  These are absolutely privileged actions.   Where a court finds that there is no reasonable probability that a Plaintiff's abuse of process claim would prevail because any allegedly wrongful conduct was privileged it is proper to grant an anti-SLAPP motion.  (Rusheen v. Cohen, 37 Cal.4th 1048, 1065 (2006).

Therefore, the Plaintiff cannot show a probability that he can prevail on his cause of action for abuse of process.

### H.  Defendants Are Entitled To Recover Their Attorney's Fees and Costs.

Under the California anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (Cal. Civ. Proc. Code § 425.16(c). Thus, an award of attorney fees to a prevailing defendant on a special motion to strike is mandatory. (Pfeiffer Venice Properties v. Bernard, 101 Cal.App.4th 211, 215 (2002).

The fee provision of the anti-SLAPP statute is applied in federal court. (Metabolife Intern., Inc. v. Wornick, 213 F. Supp.2d 1220 (S.D. Cal.2002); see also United States v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 972-73 (9th Cir. 1999) (the California anti-SLAPP statute should be applied in federal court as it is in state court.).

Defendants request that should they prevail on this motion, the Court order the payment of their attorney's fees and costs with the amount to be determined upon the Defendants application for such attorneys' fees and costs.

### IV.  CONCLUSION:

The Court should grant the Defendants' special motion to strike the Plaintiff's Complaint pursuant to California Civil Procedure Code §425.16.

The only discernable causes of action plead in the Complaint against Defendants are

NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 - CASE #C08 02622JW

1    causes of action for malicious prosecution and abuse of process.  The granting of the

2    Defendants' motion in regard to those causes of action should result in the dismissal of the entire

3    Complaint as to the Defendants.

4        In regard to the first issue for the Court's decision, the Defendants have met the burden

5    of the first step in regard to prevailing on this motion by conclusively making a prima facie

6    showing that the acts of which Plaintiff complains were taken in furtherance of the Defendants'

7    rights of petition.  Thus, the burden then shifts to the Plaintiff to show a probability of prevailing

8    on the claim.

9        In regard to the second issue for the Court's decision, the Plaintiff has not shown a

10   probability of prevailing on the claim by meeting of the requirements of pleading claims that are

11   legally sufficient and by making a prima facie showing, by admissible evidence, of facts that

12   would merit a favorable judgment on those claims.

13        The Defendants should prevail and should be awarded attorneys' fees and costs.

14

15   DATED:  September  4,  2008            Respectfully submitted,

16                                    DYER & WHITE LLP

17

18                                    By  s/CHARLES A. DYER

19                                    CHARLES A. DYER
                                      Attorneys for Defendants

20                                    **LAURA E. INNES and RONALD
                                   F. GARRITY**

21

22

23

24

25

26

27

28

LAW OFFICES
**Dyer & White, LLP**

**NOTICE OF MOTION & MEMORANDUM IN SUPPORT OF DEFS.  INNES &  GARRITY'S SPECIAL
MOTION TO STRIKE PLTF'S COMPLAINT PURSUANT TO CALIF. CCP §425.16 –  CASE #C08 02622JW**

1

2

3                          <u>**CERTIFICATE OF SERVICE**</u>

4

    **STATE OF CALIFORNIA, COUNTY OF SAN MATEO:**

5

             I am a citizen of the United States; my business address is 800 Oak Grove Avenue, Suite
6    200, Menlo Park, California 94025.  I am employed in the County of San Mateo where this mailing
    occurs.  I am over the age of eighteen (18) years and not a party to the within cause.  I served the
7    within:

8    **NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANTS INNES
    & GARRITY'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT**
9    **TO CALIFORNIA CIVIL PROCEDURE CODE §425.16**

10   on the following person(s) on the date set forth below:

11   ☒          **(VIA MAIL - CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed
                 envelope(s), addressed as below, and placing each for collection and mailing on that date following
12               ordinary business practices.  I am readily familiar with my firm's business practice of collection and
                 processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for
13               collection and mailing would be deposited in the U.S. Postal Service at Menlo Park, California, with
                 postage thereon fully prepaid, that same day in the ordinary course of business.

14
     ☐          **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed
15               in a sealed envelope(s), addressed as below, and causing each envelope(s) to be hand delivered on that
                 day by _____, in the ordinary course of my firm's business practice.
16
     ☐          **(VIA FACSIMILE -- CCP §§ 1013(e), 2015.5, CRC 2008)** By arranging for facsimile transmission
17               from facsimile number 650-325-3116 to the facsimile number(s) listed below prior to 5:00 p.m.  I am
                 readily familiar with my firm's business practice of collection and processing of correspondence via
18               facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of
                 business.  The facsimile transmission(s) was reported as complete and without error, and a copy of the
19               transmission report is attached.

20   ☐          **(VIA OVERNIGHT MAIL/COURIER - CCP §§1013(c), 2015.5)** By delivering a true copy thereof
                 enclosed in a sealed envelope(s), addressed as below, to an authorized courier or driver authorized by
21               Federal Express, an express service carrier to receive documents, in an envelope or package designed
                 by Federal Express with delivery fees paid or provided for, addressed as below .  I am familiar with my
22               firm's business practice of collection and processing correspondence for overnight mail or overnight
                 courier service, and my correspondence placed for collection for overnight delivery would, in the
23               ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight
                 mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery
24               on the following  business day.

25

26   Harris L. Winns
    2610 Sierra Vista Court
27   San Jose, CA 95116
    Tele:  408-835-8872

28
    In Pro Per

LAW OFFICES
DYER & WHITE, LLP

1

Nancy L. McCoy, Esq.
Cortney L. McDevitt, Esq.

2

Strazulo Fitzgerald, LLP

3

275 Battery Street
Suite 200

4

San Francisco, CA 94111
Tele: 415-394-9500

5

FAX: 415-394-9501

6

Attorneys for Defendants Blakely Sokoloff Taylor &
Zafman, LLP, Anthony Intil, Candy Mielke, Michael

7

Mallie, John P. Ward, Ed Taylor, Dan Devos, Diane
Robson and Lester Vincent

8

9

         I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made. Executed on September 4, 2008, at Menlo Park, California.

10

11

                              s/DEBBIE RIFFEL
                              DEBBIE RIFFEL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY MAIL - CASE #C08 02622JW**

1  CHARLES A. DYER, Esq., State Bar #47718
   DYER & WHITE, LLP
2  800 Oak Grove, Suite 200
   Menlo Park, CA 94025
3  Tele:  (650) 325-7000
   FAX:   (650) 325-3116
4  E-Mail:  cdyer@dyer-white.com

5  Attorneys for Defendants
   Laura E. Innes and Ronald F. Garrity

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  HARRIS L. WINNS,                      ) Case No.  C08 02622 JW
                                          )
13          Plaintiff,                    ) **[PROPOSED] ORDER GRANTING**
                                          ) **DEFENDANTS INNES AND**
14          vs.                           ) **GARRITY'S SPECIAL MOTION**
                                          ) **TO STRIKE PLAINTIFF'S**
15  BLAKELY SOLOKOFF TAYLOR & ZAFFMAN,    ) **COMPLAINT PURSUANT TO**
    LLP, ANTHONY INTIL, CANDY MIELKE,     ) **CALIFORNIA CIVIL PROCE-**
16  JIM SALTER, MICHAEL MALLIE, JOHN P.   ) **DURE CODE §425.16**
    WARD, ED TAYLOR, DAN DEVOS, DIANE     )
17  ROBSON, LESTER VINCENT, STEVE         )
    ZELMAN, DAVE MONTOYA, KAREN WILSON,   )
18  TAREK FAHMI, LAURA E. INNES, RONALD   ) Date:  November 3, 2008
    F. GARRITY, CHARLES WALL,             ) Time:  9:00 a.m.
19                                        ) Dept:  Courtroom 8, 4th Floor
            Defendants.                   ) Judge:  Hon. James Ware
20  _____   )

21

22          Defendants LAURA E. INNES and RONALD F. GARRITY's ("Defendants") Special

23  Motion to Strike Plaintiff's causes of action for malicious prosecution and abuse of process and

24  thus the entire Complaint pursuant to California Civil Procedure Code Section 425.16 came on

25  regularly before this Court on November 3, 2008, the Honorable James Ware presiding.  Charles

26  A. Dyer appeared for Defendants and Harris L. Winns appeared in pro per.

27          After fully considering the moving and opposition papers and oral arguments, the

28  Court finds as follows:

                                         –1–

1    (1)  Defendants made a prima facie showing that the acts of which Plaintiff complains

2    in the Complaint for causes of action for malicious prosecution and abuse of process were taken

3    in furtherance of Defendants right to petition;

4    (2)  Plaintiff did not establish a probability that he will prevail on the causes of action

5    for malicious prosecution and abuse of process;

6    Therefore,

7    IT IS HEREBY ORDERED THAT the Defendants' Special Motion to Strike pursuant

8    to California Civil Procedure Code Section 425.16 is GRANTED and the causes of action

9    against Defendants for malicious prosecution and abuse of process are hereby stricken.

10    Furthermore, as the only causes of action plead against the Defendants in the

11    Complaint are the causes of action for malicious prosecution and abuse of process, which have

12    been stricken, the entire Complaint against the Defendants is stricken.

13

14    Dated:_____    _____

15                                      HONORABLE JAMES WARE
                                         JUDGE OF THE UNITED STATES
16                                      DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
DYER & WHITE, LLP

**[PROPOSED] ORDER GRANTING DEFENDANTS INNES AND GARRITY'S SPECIAL MOTION TO
STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CCP §425.16    -    CASE #C08 02622JW**

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO:**

4

      I am a citizen of the United States; my business address is 800 Oak Grove Avenue, Suite 200, Menlo Park, California 94025.  I am employed in the County of San Mateo where this mailing occurs.  I am over the age of eighteen (18) years and not a party to the within cause.  I served the within:

5

6

**[PROPOSED] ORDER GRANTING DEFENDANTS INNES & GARRITY'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA CIVIL PROCEDURE CODE §425.16**

7

8

on the following person(s) on the date set forth below:

9

10

[ X ]  **(VIA MAIL - CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as below, and placing each for collection and mailing on that date following ordinary business practices.  I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Menlo Park, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

11

12

13

[ ]  **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as below, and causing each envelope(s) to be hand delivered on that day by _____, in the ordinary course of my firm's business practice.

14

15

[ ]  **(VIA FACSIMILE -- CCP §§ 1013(e), 2015.5, CRC 2008)** By arranging for facsimile transmission from facsimile number 650-325-3116 to the facsimile number(s) listed below prior to 5:00 p.m.  I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business.  The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

16

17

18

[ ]  **(VIA OVERNIGHT MAIL/COURIER - CCP §§1013(c), 2015.5)** By delivering a true copy thereof enclosed in a sealed envelope(s), addressed as below, to an authorized courier or driver authorized by Federal Express, an express service carrier to receive documents, in an envelope or package designed by Federal Express with delivery fees paid or provided for, addressed as below .  I am familiar with my firm's business practice of collection and processing correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following  business day.

19

20

21

22

23

24

Harris L. Winns
2610 Sierra Vista Court
San Jose, CA 95116
Tele: 408-835-8872

25

26

In Pro Per

27

28

LAW OFFICES
DYER & WHITE, LLP

1    Nancy L. McCoy, Esq.
2    Cortney L. McDevitt, Esq.
     Strazulo Fitzgerald, LLP
3    275 Battery Street
     Suite 200
4    San Francisco, CA 94111
     Tele:  415-394-9500
5    FAX: 415-394-9501

6    Attorneys for Defendants Blakely Sokoloff Taylor &
     Zafman, LLP, Anthony Intil, Candy Mielke, Michael
7    Mallie, John P. Ward,  Ed Taylor, Dan Devos, Diane
     Robson and Lester Vincent

8
           I declare that I am employed in the office of a member of the bar of this court at whose
9    direction the service was made.  Executed on  September 4, 2008, at  Menlo Park, California.

10

11                                    s/DEBBIE RIFFEL
                                    DEBBIE RIFFEL
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
DYER & WHITE, LLP

**PROOF OF SERVICE BY MAIL - CASE #C08 02622JW**