**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Harris L. Winns, | NO. C 08-02622 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTION TO DISMISS WITH** |
| | **PREJUDICE; DENYING MOTIONS TO** |
| Blakely Sokoloff Taylor & Zafman, LLP, et al., | **STRIKE AS MOOT** |
| Defendants. | |
| _____/ | |

## I.  INTRODUCTION

Harris L. Winns ("Plaintiff"), in *pro se*, brings this action against Blakely Sokoloff Taylor & Zafman, L.L.P. ("Blakely") and various former employees,[1] as well as individuals Laura E. Innes ("Innes"), Ronald L. Garrity ("Garrity"), and Charles Wall (collectively, "Defendants"), alleging, *inter alia*, violations of various federal anti-discrimination laws, malicious prosecution and abuse of process.  Plaintiff alleges that the Blakely Defendants wrongfully terminated him and obtained, with the help of Innes and Garrity, a temporary restraining order which has made Plaintiff unemployable to other employers.

Presently before the Court are various motions by Defendants.[2]  The Court conducted a hearing on November 24, 2008.  Based on the papers submitted to date and oral argument, the Court GRANTS the Blakely Defendants' Motion to Dismiss with prejudice, DENIES the Blakely

---

[1]  Individuals Anthony Intil, Candace Mielke, Jime Salter, Michael Mallie, John P. Ward, Ed Taylor, Dan Devos, Diane Robson, Lester Vicent, Steve Zelman, and Tarek Fahmi and Defendant Blakely are, hereafter, collectively referred to as the "Blakely Defendants."

[2]  (Blakely Defendants' Motions to (1) Dismiss, hereafter, "Motion to Dismiss," Docket Item No. 31; (2) Strike, hereafter, "Blakely Anti-SLAPP Motion," Docket Item No. 28; and Defendants Innes and Garrity's Motions to (3) Strike, hereafter, "Innes & Garrity Anti-SLAPP Motion," Docket Item No. 39; (4) Dismiss, hereafter, "Innes & Garrity Motion to Dismiss," Docket Item No. 54.)

United States District Court

For the Northern District of California

Defendants' Motion to Strike as moot, and DENIES Defendants Innes and Garrity's Motion to Strike as moot.

## II.  BACKGROUND

**A.    Factual Background**

In a Complaint filed on May 23, 2008, Plaintiff alleges as follows:

Plaintiff was a Technical Support Engineer for Blakely from February 2000 to February 2002.  (Employment Discrimination Complaint at 8, hereafter, "Complaint," Docket Item No. 7.)  On February 13, 2002, Defendant Candace Mielke, Blakely's Director of Information Services, entered a workspace shared by Plaintiff and Defendant Anthony Intil.  (Id. at 9.)  Mielke asked Intil "how are thing [sic] going between you and [Plaintiff]?" (Id.)  Intil replied by stating "I don't care about that [explicative]."  (Id.)  After a heated argument, Intil approached Plaintiff in an offensive manner and both men stood up with fists clenched.  (Id.)  A supervisor entered the shared workspace and stepped between the two men to prevent a physical fight.  (Id.)  Plaintiff and Intil were sent home early to cool off. (Id.)  On February 14, 2002, Plaintiff was terminated.  Plaintiff believes that he was terminated because of his altercation with Intil and because he is an African American.  (Id. at 10.)

After Plaintiff was terminated, defendant Charles Wall claimed that he observed Plaintiff checking the doors and peering through the windows of a building on Blakely's property.  (Complaint at 14.)  Based on Wall's observation, Blakely, through its lawyers, Defendants Innes and Garrity, sought a temporary restraining order ("TRO") prohibiting Plaintiff from being present at Blakely's place of business.  (Id. at 13-17.)  Defendants Innes and Garrity did not employ a rigorous screening process to determine the validity of Blakely's bases for the TRO.  (Id. at 53-57.)  Soon after the TRO was entered, Blakely hired Charles Wall's investigation company, CC Investigations, to tailgate Plaintiff and his family everywhere they went.  (Id. at 17.)

United States District Court

For the Northern District of California

1    As a result of Blakely's foregoing conduct, and the TRO, Plaintiff has been unable to

2    obtain employment and has been continuously rejected when applying to rent an apartment.

3    (Complaint at 26.)

4    **B.    Procedural Background**

5    On August 3, 2007, prior to filing this action, Plaintiff filed an action in California Superior

6    Court ("State Court Action") against an almost identical group of Defendants.  (See Request for

7    Judicial Notice in Support of Defendants' Motion to Dismiss, Ex. 4, hereafter, "Request for Judicial

8    Notice," Document on File with the Court.)  In the 2007 action, Plaintiff included two additional

9    Defendants–Dave Montoya and Karen Wilson–who are not Defendants in this action.  (Request for

10   Judicial Notice, Ex. 7.)  Plaintiff's state-court action presented the following claims:  (1) Violation

11   of Title VII, 42 U.S.C. § 2000e; (2) Violation of 42 U.S.C. § 1983; (3) Employment Deprivation

12   under Cal. Labor Code §§ 1054, 1050; (4) Intentional Infliction of Emotional Distress; (5)

13   Constructive Discharge; (6) and Wrongful Termination.[3]  (Id., Ex. 4.)

14   On February 27, 2008, the California Superior Court sustained the Defendants' demurrer

15   with respect to each of Plaintiff's claims on the ground that each was time-barred by the statute of

16   limitations.  (Request for Judicial Notice, Ex. 7.)  On March 21, 2008, the California Superior Court

17   dismissed Plaintiff's entire cause of action with prejudice.  (Id., Ex. 9.)  On May 8, 2008, the

18   California Superior Court denied Plaintiff's motion to vacate the March 21, 2008 dismissal with

19   prejudice.  (Id., Ex. 11.)

20   On May 2, 2008, Plaintiff filed this action in federal court, alleging the following eight

21   causes of action:[4] (1) Violation of 42 U.S.C. § 1981; (2) Intentional Infliction of Emotional Distress;

22   (3) Deprivation of Employment under Cal. Labor Code §§ 1054, 1050; (4) Violation of Title VII of

23   _____

24   [3]  The Court also assumes that Plaintiff asserted a claim under 42 U.S.C. § 1981 in the State
     Court Action, although it was not listed on the cover sheet of the complaint, because Plaintiff

25   requested relief under 42 U.S.C. § 1981a.  (Request for Judicial Notice, Ex. 4 at 26.)

26   [4]  Although Plaintiff lists ten causes of action on the cover sheet to his Complaint, his claim
     for "Racial Discrimination" is duplicative of his claim for violation of 42 U.S.C. § 1981, and his

27   claim for "Conspiracy" is duplicative with his claim for violation of 42 U.S.C. § 1985.

28                                                    3

the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (5) Wrongful Termination in Violation of Public Policy; (6) Malicious Prosecution; (7) Abuse of Process; and (8) Violation of 42 U.S.C. § 1985(3).

The factual allegations and prayer for relief in Plaintiff's Complaint are identical to those in the complaint Plaintiff filed the State Court Action.  (See Complaint at 1-38; Request for Judicial Notice, Ex. 4 at 1-25.)  In addition, the Complaint contains nearly thirty additional pages relative to the State Court Action complaint, which contain no new factual allegations.  Rather, this added material contains a variety of legal arguments regarding, *inter alia*,  the State Court Action, *res judicata*, and statute of limitations, as well as applicable legal standards for malicious prosecution, abuse of process, and 42 U.S.C. § 1985 claims.  (Complaint at 39-65.)  The Complaint also contains a "clarification," in which Plaintiff states he merely brings this action to clarify the claims asserted in the State Court Action, and that his new Complaint should not "be construed as adding new claims."  (Id. at 46.)

Presently before the Court are Defendants' Motion to Dismiss and Motions to Strike.  Since the motion to dismiss may be case dispositive, the Court considers it first.

## III.  STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845

United States District Court
For the Northern District of California

4

F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief

that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Courts may

dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.

Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV.  DISCUSSION

**A.**     **Motion to Dismiss Plaintiff's Claims Under the Doctrine of *Res Judicata***

The Blakely Defendants move to dismiss all of Plaintiff's claims on the grounds that they are

(1) barred by the doctrine of *res judicata*, (2) barred by the applicable statute of limitations, and (3)

insufficiently pled in Plaintiff's Complaint.  (Motion to Dismiss at 2.)  Since the doctrine of *res

judicata* may dispose of Plaintiff's entire Complaint, the Court considers this issue first.

Pursuant to the doctrine of *res judicata*, a valid final adjudication of a claim precludes a

second action on that claim or any part of it.  Baker by Thomas v. GMC, 522 U.S. 222, 233 n.5

(1998).  When confronted with *res judicata* issues arising out of prior state court adjudications,

federal courts may not employ their own rules of *res judicata* in determining the preclusive effects

of state judgments.  Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518 (1984).  Rather, federal

courts must accept the rules of the state from which the judgment is taken.  Id.

In this case, the Court must apply California law to determine the preclusive effects of the

prior State Court Action.  In California, the doctrine of *res judicata* focuses on three questions: (1)

whether the previous case was adjudicated on the merits; (2) whether the previous decision was

final; and (3) whether the current dispute involves the same "claim" or "cause of action."  Kay v.

City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir.2007).

### 1.     **Final Judgment on the Merits**

The Court finds that, for purposes of *res judicata*, the State Court Action ended in a final

judgment on the merits.  First, the state court adjudicated the merits of Plaintiff's claims when it

sustained Defendants' demurrer, on the ground that each claim was barred by the applicable statute

of limitations.  (Request for Judicial Notice, Ex. 9.)  Second, the State Court's decision became final

*United States District Court*
For the Northern District of California

1    when the court issued a subsequent order dismissing all of Plaintiff's claims "with prejudice."  (Id.,

2    Ex. 9.)  Accordingly, the Court finds that the first two prongs of California's standard for *res*

3    *judicata* are satisfied.  See Kay, 504 F.3d at 808.

### 2.    Identity of Claims

5        In light of the Court's finding that the State Court Action ended in a final judgment on the

6    merits, the Court must determine whether the claims asserted in this case are sufficiently identical

7    such that they are barred by *res judicata*.  See Kay, 504 F.3d at 808.

8        California courts employ the "primary rights" theory to determine what constitutes the same

9    cause of action for claim preclusion purposes.  Maldonado v. Harris, 370 F.3d 945 (9th Cir. 2004).

10   "The most salient characteristic of a primary right is that it is indivisible:  the violation of a primary

11   right gives rise to but a single cause of action. . . .  As far as its content is concerned, the primary

12   right is simply the plaintiff's right to be free from the particular injury suffered."  Id. at 952 (citing

13   Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888 (2002)).  The primary right of a cause of action is,

14   however, distinguished from the legal theory on which recovery is premised:  "Even where there are

15   multiple legal theories upon which recovery might be predicated, one injury gives rights to only one

16   claim for relief."  Consumer Advocacy Group, Inc. v. ExxonMobil Corp., 168 Cal. App. 4th 675,

17   686 (2008).  Nonetheless, "even though two suits involve the same nucleus of facts, they do not

18   necessarily raise the same cause of action under California law."  Maldonado, 370 F.3d at 953

19   (citing Morris v. Blank, 94 Cal. App. 4th 23 (2001)).

20       Maldonado, for example, involved a dispute between the owner of a billboard and the State

21   of California over the lawfulness of the owner's use of the billboard for advertising under California

22   law.  Id. at 948.  In an initial state court action, the State attempted to enforce the advertising

23   restrictions against the owner under a nuisance theory.  In response, the owner asserted a number of

24   defenses, none of which involved the constitutionality of the advertising restrictions.  The state court

25   ultimately enjoined the owner from advertising on the billboard.  The owner subsequently filed a

26   federal court action against the State, alleging that the California law on which the advertising

27

28                                                          6

1   restrictions were based violated his rights under the First Amendment of the United States

2   Constitution.  The State challenged the federal action on the basis of *res judicata*.  Id. at 949.

3        In permitting the billboard owner's federal action to proceed, the Ninth Circuit held that the

4   owner's federal claim was based on the primary First Amendment right to advertise on his billboard,

5   whereas "the primary right in the state nuisance action was not [the owner's] right to advertise on his

6   billboard, but the right of the people of California to be free from obtrusive advertising displays

7   along major highways," which itself was grounded in a California statute.  Id. at 952.  Given that

8   "the primary rights involved in the two suits [were] different, the causes of action [were] also

9   different" and *res judicata* was inapplicable to the owner's federal action.  Id.

10       In this case, five of Plaintiff's causes of action are identical to those that were at issue in the

11   State Court Action.[5]  Unlike in Maldonado, where different claims based on different primary rights

12   were asserted in the successive actions, Plaintiff asserts identical claims based on the same primary

13   right to be free from the injury he allegedly suffered as a result of Defendants' violations of these

14   particular laws.  See Maldonado, 370 F.3d at 952.  Given that the state court disposed of Plaintiff's

15   Title VII, intentional infliction of emotional distress, wrongful termination, employment deprivation

16   claims in a final judgment on the merits, the Court finds that these four causes of action are barred

17   under *res judicata*.

18       In addition, Plaintiff seeks recovery on three theories of liability that he did not expressly

19   pursue in the State Court Action–violation of 42 U.S.C. § 1985, malicious prosecution and abuse of

20   process.  With respect to facts alleged, however, Plaintiff's Complaint in this case is essentially the

21   same as the complaint he filed in the State Court Action.  Moreover, Plaintiff explicitly states that

22

23   _____

24       [5]  Plaintiff's claims for discrimination under Title VII, intentional infliction of emotional
     distress, employment deprivation under Cal. Labor Code §§ 1054, 1050 and wrongful termination
     were expressly litigated in the State Court Action and are also asserted in this action.  (See Request

25   for Judicial Notice, Ex. 4 at 1.)  In addition, Plaintiff asserted 42 U.S.C. § 1981a in his prayer for
     relief in the State Court Action complaint, although he did not expressly assert a § 1981 claim on the

26   cover page of that complaint.  (Id. at 1, 26.)  To the extent that the state court did not explicitly
     adjudicate Plaintiff's earlier § 1981 claim, Plaintiff asserts no new facts or injury in support of that

27   claim in this action.

28                                        7

his Complaint should not be "misconstrued as adding new claims." (Complaint at 46.)  In light of this admission, and given that no new facts are alleged in support of Plaintiff's newly asserted causes of action, the Court finds that Plaintiff is attempting to vindicate the same primary rights as those he previously sought to vindicate in the State Court Action.  Having alleged the same injury in both actions, Plaintiff's claims are now barred under *res judicata*.  See Consumer Advocacy Group, 168 Cal. App. 4th at 686.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss all of Plaintiff's claims under the doctrine of *res judicata*.  The Court, therefore, need not consider Defendants' alternative grounds for dismissing Plaintiff's Complaint.

**B.**     **Defendants' Motions to Strike**

In light of the Court's determination that all of Plaintiff's causes of action are barred on *res judicata* grounds, the Court DENIES Defendants' Motions to Strike as moot.

**V.  CONCLUSION**

The Court GRANTS Blakely Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) with prejudice.  The Court DENIES Defendants' Motions to Strike as moot and DENIES Defendants Innes and Garrity's Motion to Dismiss as moot.

Dated:  December 18, 2008

_____
JAMES WARE
United States District Judge

United States District Court

For the Northern District of California

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cortney Lynn McDevitt Mcdevitc@jacksonlewis.com
Harris Lee Winns hlwinns1@yahoo.com
Joanna D. Opperman jopperman@hinshawlaw.com
Joseph J. De Hope jdehope@hinshawlaw.com
Nancy Lanore McCoy-Mathis nmccoy@strazlaw.com

Harris L. Winns
2610 Sierra Vista Court
San Jose,  CA 95116

**Dated:  December 18, 2008**                    **Richard W. Wieking, Clerk**

                                                 **By:   /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

United States District Court
For the Northern District of California